1  CLEMENT SETH ROBERTS (SBN 209203)
   croberts@orrick.com
2  JACOB M. HEATH (SBN 238959)
   jheath@orrick.com
3  WILL MELEHANI (SBN 285916)
   wmelehani@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
5  San Francisco, CA 94105
   Telephone:  +1-415-773-5700
6  Facsimile:   +1-415-773-5759

7  Attorneys for Defendant
   POYNT CORPORATION
8

9

10                     **UNITED STATES DISTRICT COURT**

11                     **NORTHERN DISTRICT OF CALIFORNIA**

12

13 | SALES TRANSACTION SYSTEMS, LLC, | Case No. 4:18-cv-6862-YGR |
14 | Plaintiff, | **DEFENDANT POYNT CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
15 | v. | |
16 | POYNT CO., | |
17 | Defendant. | |
18 | | Date: April 30, 2019
Time: 2:00 p.m.
Courtroom: 1, 4th Floor |
19 | | |
20 | | Judge: Yvonne Gonzalez Rogers |
21 | | Date Action Filed: Nov. 13, 2018 |

1 **NOTICE OF MOTION AND MOTION**

2 TO THE COURT, PLAINTIFF AND ITS ATTORNEYS OF RECORD:

3 PLEASE TAKE NOTICE that the following motion will be heard at 2:00 p.m. on April 30, 2019, or as soon thereafter as counsel may be heard, in the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 1, Fourth Floor, located at 1301 Clay Street, Oakland, California 94612, before the Honorable Judge Yvonne Gonzalez Rogers.

Defendant Poynt Corporation ("Poynt") will, and hereby does, move the Court to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(6), Plaintiff Sales Transaction Systems, LLC's ("STS") claims for: 1) contributory infringement because STS has not identified the components Poynt allegedly supplies or why those components have no substantial noninfringing uses, 2) inducement because STS has not explained how Poynt instructs users how to infringe STS's patent, 3) infringement under § 271(f) for the same reasons as STS's contributory infringement and inducement claims, and 4) willful infringement because STS's factual allegations show only a typical infringement claim and no egregious conduct.

This motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the complete records on file in this action, any matters of which this Court may take judicial notice, any evidence or argument presented at the hearing on this motion, and such other further information as this Court may consider.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

STS's bare-bones indirect infringement and willfulness accusations fail to include sufficient (and, in some cases, any) facts to support a plausible claim.  Pursuant to Federal Rules of Civil Procedure 12(b)(6), Poynt moves to dismiss STS's claims for: 1) contributory infringement because STS has not identified the components Poynt allegedly supplies or why those components have no substantial noninfringing uses, 2) inducement because STS has not explained how Poynt instructs users how to infringe STS's patent, 3) infringement under § 271(f) for the same reasons as STS's contributory infringement and inducement claims, and 4) willful infringement because STS's factual allegations show only a garden variety infringement claim, not egregious conduct.

## II.    BACKGROUND

STS sues Poynt for infringing U.S. Patent No. 9,684,893 (the "'893 Patent"), titled "Apparatus and Method for a Wireless Point of Sale Terminal."  Pl.'s Compl. for Patent Infringement ¶¶ 15-18 ("Pl.'s Compl.").  According to STS, the '893 Patent relates to "conducting secure transactions using wireless devices."  *Id.* ¶ 8.  STS accuses the Poynt Smart Terminal and Poynt 5 of infringing (the "Accused Products").  *Id.* ¶ 15.

STS alleges that Poynt is liable for both direct and indirect infringement.  *Id.* ¶¶ 23-26.  As to contributory infringement, STS merely recites the statutory language and does not plead any facts to support its claims.  *See id.* ¶¶ 15-18, 25-26.  STS simply alleges that Poynt sells the Accused Products "and the components thereof," without identifying those components or the system into which they are supposedly incorporated by the direct infringers.  *Id.* ¶ 25.  Nor does STS explain why those components have no substantial noninfringing uses.

As to inducement, STS cites two pages from Poynt's website in an attempt to show that Poynt encourages others to use the Accused Products in an infringing manner.  *See id.* ¶ 16.  The first of those webpages is simply Poynt's customer service page.  The link to the second webpage is broken.  It appears that STS may have intended to refer to https://support.poynt.com/hc/en-us/articles/215551928-What-payment-acceptance-protocols-does-the-Poynt-Smart-Terminal-

1  support-.[1]  But that article is only two sentences long and simply identifies the payment acceptance protocols that Poynt's terminals support.  It does not provide any instructions on how to use those terminals in an infringing manner, and STS does not claim that merely using the listed payment protocols infringes the '893 Patent.

Like STS's contributory infringement and inducement claims, its § 271(f) allegations do not identify the accused components or the system into which they are incorporated, explain why those components have no substantial noninfringing uses, or offer any facts showing that Poynt induces infringement.  *See* Pl.'s Compl. ¶ 26.

STS also alleges, on information and belief, that Poynt's infringement was willful.  *See id.* ¶ 27.  But STS only recites the elements of willful infringement without alleging any facts in support of that claim.  *See id.*  Nor does STS explain the basis for its belief that Poynt's alleged infringement is willful.  *See id.*

### III. LEGAL STANDARD

Under Rule 12(b)(6), a cause of action should be dismissed "when the facts asserted do not give rise to a legal remedy, or do not elevate a claim for relief to the realm of plausibility." *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (citations omitted).  To demonstrate plausibility, a plaintiff must go beyond pleading facts that, when assumed to be true, are "merely consistent with a defendant's liability" and, instead, must plead facts sufficient to permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A complaint is insufficient to state a claim if it "tenders naked assertions devoid of further factual enhancement," *id.* (quotations omitted), or merely provides "a formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[1] The link provided by STS appears to have an extraneous "5" at the end of the article number.  *See* Pl.'s Compl. ¶ 16.  STS did not attach the webpage it intended to reference as an exhibit to its Complaint.

## IV. ANALYSIS

### A. STS's Contributory Infringement Claim Should Be Dismissed

STS's complaint fails to sufficiently allege contributory infringement. Section 271(c) prohibits selling "a component of a patented machine" with the knowledge that the component was specially designed for infringement and is not a staple article of commerce. The elements of a contributory infringement claim are: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear, Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010). STS's complaint merely recites the language of § 271(c), but does not allege any facts supporting that claim. *See Bell Atl.*, 550 U.S. at 555. STS does not identify the component Poynt allegedly sells, the patented system into which it is supposedly incorporated, or any facts indicating that any such component has no substantial noninfringing uses.

#### 1. STS Has Failed to Identify the Components Poynt Allegedly Sells or the Infringing System into Which It Is Supposedly Incorporated

STS's complaint includes no factual allegations suggesting any act of contributory infringement has ever occurred. Although a contributory infringement claim is premised on a defendant's sale of "a component of a patented machine," STS does not even identify what component Poynt allegedly sells to the direct infringers or what infringing system those components are supposedly incorporated into. Instead, STS only alleges that Poynt sells the Accused Products "and components thereof." Pl.'s Compl. ¶ 25. Accordingly, STS's contributory infringement claim should be dismissed because it fails to allege facts supporting all the necessary elements of that claim. *See Unisone Strategic IP, Inc. v. Life Techs. Corp.*, No. 3:13-cv-1278-GPC-JMA, 2013 WL 5729487, at *5 (S.D. Cal. Oct. 22, 2013) ("Because Plaintiff . . . did not identify which components of Defendant's SCMS software is made or adapted for use in an infringement, Plaintiff fails to allege facts to support a claim for contributory infringement."); *Halton Co. v. Streivor, Inc.*, No. C 10-655 WHA, 2010 WL 2077203, at *2 (N.D. Cal. May 21, 2010) (dismissing a contributory infringement claim because there was no

1  allegation "that the accused commercial kitchen product was a component of a patented machine
2  constituting a material part of the patented invention" (quotations and alterations omitted)).

### 2. STS Has Failed to Plead Any Facts Suggesting That the Components That Form the Basis of Its Contributory Infringement Claim Are Specifically Designed for Infringement and Have No Substantial Noninfringing Uses

STS also fails to show that the components Poynt allegedly sold (whatever they are) are specifically adapted for infringement. To state a claim for contributory infringement, the patentee must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *R+L Carriers, Inc. v. DriverTech, LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). If the complaint fails to adequately allege that the accused product has no substantial noninfringing uses, then it should be dismissed. *See, e.g., Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. May 23, 2018) (the complaint did not plausibly allege that "the aluminum Alco supplied could not be used for purposes other than infringement" or that "the aluminum it supplied had no substantial noninfringing use" (quotations omitted)); *Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012) ("Superior does not allege that the accused products are especially made or especially adapted for use in an infringement of [the] patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use . . . ." (quotations omitted)); *Emblaze Ltd. v. Apple, Inc.*, No. C 11-1079 SBA, 2012 WL 5940782, at *7 (N.D. Cal. Nov. 27, 2017) (dismissing a contributory infringement claim because the patentee failed to allege that "the component of the accused Apple products that practices the patented method has no substantial non-infringing uses").

STS has failed to make any showing that whatever product forms the basis of its contributory infringement claim is specifically adapted for infringement and has no substantial noninfringing uses. STS merely alleges that Poynt provides the Accused Products and instructs its customers how to use those products. *See* Pl.'s Compl. ¶¶ 15-16. But those allegations say nothing about whether the Accused Products (or whatever other component forms the basis of STS's contributory infringement claim) can be used for purposes other than infringement.

1  Accordingly, STS's contributory infringement claim should be dismissed. *See, e.g.*, *Artrip*, 735
2  F. App'x at 713; *Superior Indus.*, 700 F.3d at 1296; *Emblaze*, 2012 WL 5940782, at *7.

### B.   STS's Inducement Claim Should Be Dismissed Because STS Has Not Adequately Alleged That Poynt Has Encouraged Others to Infringe the '893 Patent or Had the Specific Intent to Induce Infringement

STS's induced infringement claim is likewise insufficient. An inducement claim requires proof that the defendant knowingly induced infringement by another with the specific intent to encourage the other's infringement. *See Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1353-54 (Fed. Cir. 2008). Providing a product "with the knowledge that an unaffiliated, third party may infringe, cannot, in and of itself, constitute inducement of infringement." *Takeda Pharm. U.S.A. v. West-Ward Pharm.*, 785 F.3d 625, 630 (Fed. Cir. 2015) (quotations omitted). Instead, the accused infringer "must have knowingly aided and abetted direct infringement." *Id.* (quotations omitted).

STS cites two webpages that allegedly provide instructions on how to use the Accused Products in an infringing manner. *See* Pl.'s Compl. ¶ 16. The first source is merely a link to Poynt's customer support page. *See* Poynt, Poynt Help Center, https://support.poynt.com/hc/en-us. But merely providing instructions on how to use a product in the ordinary course of business is not enough to show inducement, and STS does not explain how Poynt has encouraged its customers to use the Accused Products in a way that infringes the '893 Patent. *See Takeda*, 785 F.3d 630-31. The second link STS provides is broken. The website STS apparently meant to cite is a two-sentence article that simply identifies the payment protocols Poynt's terminals support. *See* Poynt, What Payment Acceptance Protocols Does the Poynt Smart Terminal Support, https://support.poynt.com/hc/en-us/articles/215551928-What-payment-acceptance-protocols-does-the-Poynt-Smart-Terminal-support-. This article does not provide any instructions on how to use the Accused Products, and Poynt does not claim that simply using the listed payment protocols infringes the '893 Patent. These allegations thus fail to state a claim for induced infringement.

### C. STS's Claims Under § 271(f) Should Be Dismissed for the Same Reasons as Its Contributory Infringement and Inducement Claims

STS's § 271(f) claims suffer from the same infirmities as its claims for contributory infringement and inducement. Similar to § 271(c), § 271(f)(2) prohibits supplying "any component of a patented invention that is" especially designed for infringement and not a staple article of commerce with the intent that the component will be used in an infringing manner outside the United States. As discussed above, however, STS does not identify the components Poynt alleged sells or supplies, the infringing system into which those components are integrated, or any facts suggesting that those components are specifically designed for infringement and have no substantial noninfringing uses. *See* Part I *supra*.

Likewise, similar to § 271(b), § 271(f)(1) prohibits supplying "all or a substantial portion of the components of a patented machine . . . in such manner as to actively induce the combination of such components" in an infringing manner overseas. But STS alleges no facts suggesting that Poynt induces anyone to combine any components Poynt supplies into an infringing device. *See* Part II *supra*. Accordingly, STS's claims under § 271(f) should be dismissed.

### D. STS's Willful Infringement Claims Should Be Dismissed Because STS Has Not Alleged Any Facts Suggesting That This Case Is Anything More Than a Garden-Variety Infringement Suit

A claim for willful infringement requires the plaintiff to allege conduct that is "egregious . . . beyond typical infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). "The sort of conduct warranting enhanced damages has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed— characteristic of a pirate." *Id.* at 1932.

STS's Complaint alleges no facts suggesting the type of egregious misconduct *Halo* requires. STS merely alleges that: "Upon information and belief, Poynt's infringement of the '893 Patent is willful, deliberate, and intentional by continuing its acts of infringement with knowledge

of the '893 Patent and thus acting in reckless disregard of Plaintiff's patent rights."[2] Pl.'s Compl. ¶ 27. Without any allegations of egregious behavior, STS is left with a garden-variety infringement claim that does not support a finding of willful infringement. *See Halo*, 136 S. Ct. at 1935 ("[T]he award of enhanced damages [is limited] to egregious cases of misconduct beyond typical infringement."). Such boilerplate allegations do not "allow a trier of fact to conclude that [a defendant] acted with a level of intent that is more culpable than the typical infringer." *Monolithic Power Sys., Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1077 (N.D. Cal. 2015) (granting a motion to dismiss willful infringement claims). In addition, STS pleads willfulness only on information and belief, but does not allege any basis for its belief. Accordingly, STS's willful infringement claim should be dismissed.

## V.   CONCLUSION

For the foregoing reasons, Poynt respectfully requests that the Court dismiss STS's claims for contributory infringement, inducement, infringement under § 271(f), and willful infringement.

Dated: March 25, 2019                    ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   */s/ Clement Seth Roberts*
CLEMENT SETH ROBERTS
JACOB M. HEATH
WILL MELEHANI
Attorneys for Defendant Poynt Corporation

---

[2] STS claims that it notified Poynt of the alleged infringement on October 4, 2018, approximately a month before filing suit. *See* Pl.'s Compl. ¶ 19.