CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
WILL MELEHANI (SBN 285916)
wmelehani@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

JACOB M. HEATH (SBN 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

Attorneys for Defendant
POYNT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SALES TRANSACTION SYSTEMS, LLC, | Case No. 4:18-CV-6862-YGR |
| Plaintiff, | **POYNT CORPORATION'S ANSWER TO FIRST AMENDED COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| POYNT CO., | Judge: Hon. Yvonne Gonzalez Rogers |
| Defendant. | Date Action Filed: Nov. 13, 2018 |

4136-9223-0685.2

Defendant Poynt, Inc. ("Poynt"), hereby sets forth its answer and affirmative defenses to Plaintiff Sales Transaction Systems, LLC's ("STS") First Amended Complaint of alleged patent infringement relating to U.S. Patent No. 9,684,893 ("the '893 patent"). The numbered paragraphs in this Answer correspond to the numbered paragraphs of the First Amended Complaint. Certain headings used by Plaintiff in the First Amended Complaint are restated below for ease of reference, but no admissions are made thereby as the headings are not allegations requiring an answer.

## THE PARTIES

1. Poynt lacks knowledge or information sufficient to form a belief as to the truth of veracity of the allegations in this paragraph of the First Amended Complaint, and therefore denies those allegations.

2. Admitted

## JURISDICTION AND VENUE

3. Poynt admits that the First Amended Complaint purports to bring an action under the Patent Laws of the United States, and admits that the Court has subject matter jurisdiction. Poynt otherwise denies the allegations of this paragraph of the First Amended Complaint.

4. Poynt admits the Court has personal jurisdiction over Poynt in this matter, and admits that it maintains its principal place of business here, contracts to supply goods and services here, and derives revenue from goods and services rendered here. Poynt otherwise denies the allegations of this paragraph of the First Amended Complaint.

5. Admitted

## FACTS

### *The Asserted Patent*

6. Poynt admits that, according to its cover page, the '893 patent issued on June 20, 2017 to Tara Chand Singall as the inventor. Poynt denies that the '893 patent was duly and legally issued. Poynt otherwise denies the allegations of this paragraph of the First Amended Complaint.

7. Poynt lacks knowledge or information sufficient to form a belief as to the truth of

veracity of the allegations in this paragraph of the First Amended Complaint, and therefore denies those allegations.

8. Poynt lacks knowledge or information sufficient to form a belief as to the truth of veracity of the allegations in this paragraph of the First Amended Complaint, and therefore denies those allegations.

9. Poynt lacks knowledge or information sufficient to form a belief as to the truth of veracity of the allegations in this paragraph of the First Amended Complaint, and therefore denies those allegations.

10. Poynt lacks knowledge or information sufficient to form a belief as to the truth of veracity of the allegations in this paragraph of the First Amended Complaint, and therefore denies those allegations.

11. Poynt lacks knowledge or information sufficient to form a belief as to the truth of veracity of the allegations in this paragraph of the First Amended Complaint, and therefore denies those allegations.

12. Poynt lacks knowledge or information sufficient to form a belief as to the truth of veracity of the allegations in this paragraph of the First Amended Complaint, and therefore denies those allegations.

13. Poynt denies that the '893 patent proposes a technological solution to the discussed problems with credit payments. Poynt further denies that the claimed use of a customer identifier prevents the customer's private data from being shared with merchants while still allowing card transactions to take place using the traditional financial structure. Poynt otherwise lacks knowledge or information sufficient to form a belief as to the truth of veracity of the allegations in this paragraph of the First Amended Complaint, and therefore denies those allegations.

14. Poynt denies that the solution discussed in the First Amended Complaint provides a technical solution to any technical problems. Poynt otherwise lacks knowledge or information sufficient to form a belief as to the truth of veracity of the allegations in this paragraph of the First Amended Complaint, and therefore denies those allegations.

*Poynt's Infringing Systems and Services*

15. Paragraph 15 sets forth a definition and does not appear to require a response. To the extent a response is required, Poynt lacks knowledge or information sufficient to form a belief as to the truth of veracity of the allegations in this paragraph of the First Amended Complaint, and therefore denies those allegations.

16. Poynt admits that it makes and sells the Poynt Smart Terminal and Poynt 5 products, as well as certain accompanying software for those products. Poynt otherwise denies the allegations of this paragraph of the First Amended Complaint.

17. Denied

18. Denied

19. Poynt admits that its products can provide a smart terminal platform for payment services. Poynt otherwise denies the allegations of this paragraph of the First Amended Complaint.

20. Poynt admits that it sells and offers to sell its products in the United States, including through the use of resellers. Poynt otherwise denies the allegations of this paragraph of the First Amended Complaint.

21. Poynt admits that it sells and offers to sell its products in Canada, South America, Asia and Europe, including through the use of resellers. Poynt otherwise denies the allegations of this paragraph of the First Amended Complaint.

22. Poynt admits that customers receive a welcome email in conjunction with creating a Poynt HQ login. Poynt otherwise denies the allegations of this paragraph of the First Amended Complaint.

23. Poynt admits that it provides instruction to customers regarding the use of its products, including through its website. Poynt otherwise denies the allegations of this paragraph of the First Amended Complaint.

24. Poynt admits that it has a website including resources and materials, but denies that they instruct customers to infringe the '893 patent. Poynt otherwise denies the allegations of this paragraph of the First Amended Complaint.

25. Poynt admits that it responds to some inquiries received at support@poynt.com regarding its products. Poynt otherwise denies the allegations of this paragraph of the First Amended Complaint.

26. Denied

27. Denied

*Poynt's Knowledge of the Asserted Patent*

28. Poynt admits to having received a letter from Plaintiff concerning the '893 patent on or around October 4, 2018. Poynt otherwise lacks knowledge or information sufficient to form a belief as to the truth of veracity of the remaining allegations in this paragraph of the First Amended Complaint, and therefore denies those allegations.

29. Admitted

**COUNT 1 – INFRINGEMENT OF THE '893 PATENT**

30. Poynt incorporates its responses to Paragraphs 1-29 as though fully set forth herein.

31. Denied

32. Denied

33. Denied

34. Denied

35. Denied

36. Denied

37. Poynt admits that it did not respond to the October 4, 2018 letter. Poynt otherwise denies the allegations of this paragraph of the First Amended Complaint.

38. Denied

39. Denied

40. Poynt admits that it has not modified any of its instructions or guidance to customers in response to the October 4, 2018 letter, as no such modification is necessary. Poynt otherwise denies the allegations of this paragraph of the First Amended Complaint.

41. Denied

42. Denied

1   43.   Denied

2   44.   Denied

3   45.   Denied

## STS'S PRAYER FOR RELIEF

Poynt denies that STS is entitled to any adjudication, injunction, damages, fees, costs, or other relief either as prayed for in the First Amended Complaint or otherwise.

## POYNT'S DEFENSES

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, Poynt asserts the following affirmative and other defenses in response to the allegations in the First Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative and other defenses described below, subject to the response above, Poynt intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE - NON-INFRINGEMENT

Poynt does not, directly or indirectly, infringe any valid claim of the '893 patent.

## SECOND AFFIRMATIVE DEFENSE - INVALIDITY

The claims of the '893 patent are invalid under at least 35 U.S.C. §§ 101, 102, 103 and/or 112.  The claims of the '893 patent are invalid under § 101 because they recite nothing more than the fundamental economic practice of processing credit card payments.  And none of the claim limitations amount to more than conventional components or functionality, or are otherwise themselves abstract ideas, such as encoding or mere data manipulation.  The claims of the '893 patent are also invalid under §§ 102 and 103 because there are numerous prior art references including, without limitation, U.S. Patent No. 7,571,139, U.S. Patent No. US 5,754,655, U.S. Patent No. 5,933,812, U.S. Patent Pub. No. US 2001/0029485, U.S. Patent Pub. No. US 2002/0025796, the Nurit 2080 terminal, the SmartICE terminal, and the TRANZ 460 terminal.  Each of these references disclose some or all of the claimed limitations and it would have been obvious for one of ordinary skill in the art to combine these references together as each of these

references describes or embodies a prior art payment system. The claims of the '893 patent are also invalid under § 112 for numerous reasons, including, without limitation, that they are indefinite. For example, and without limitation, claims 1-4 are indefinite because they claim a hybrid apparatus and method. Poynt incorporates its invalidity contentions provided in this case herein by reference.

### THIRD AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

STS's infringement claim is barred from relief under the doctrine of prosecution history estoppel. For example, and without limitation, during prosecution the claims were expressly amended to specify that the claimed merchant identifier must identify a retail establishment while the applicant distinguished prior art ("Meyer") that related to a restaurant establishment. The doctrine of prosecution history estoppel prohibits STS from now relying on the doctrine of equivalents to read this claim against any system wherein the accused merchant identifier identifies any non-retail establishment, including without limitation a restaurant establishment.

### FOURTH AFFIRMATIVE DEFENSE – PROSECUTION LACHES

STS is barred from relief under the doctrine of prosecution laches. The '893 patent is a continuation application of a divisional application, which purports to claim priority to two provisional patents filed 19 years ago. As the evidence is likely to show after further opportunity to investigation and discovery, this resulted from an unreasonable and unexplainable delay in prosecution undertaken to obtain issuance of a patent that could be asserted against intervening developments in the industry.

### FIFTH AFFIRMATIVE DEFENSE – ESTOPPEL, LACHES, WAIVER, AND ACQUIESCENCE

STS's claim is barred, in whole or in part, by the doctrines of estoppel, laches, waiver, and/or acquiescence because, for example, STS unreasonably delayed in suing until November 2018.

**SIXTH AFFIRMATIVE DEFENSE – NO LOST PROFITS**

STS is not entitled to recover lost profits because STS is unable to satisfy the requirements set forth in *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc*. For example, STS does not practice the '893 patent and generates no profits from selling articles covered by the '893 patent

**SEVENTH AFFIRMATIVE DEFENSE – LIMITATIONS ON DAMAGES**

STS's recovery is barred, in whole or in part, pursuant to 35 U.S.C. § 287, in whole or in part, due to its failure to properly mark patented articles. Specifically, as the evidence is likely to show after a reasonable opportunity for investigation and discovery, STS does not mark any products it may have produced and/or does not require its licensees to mark their products STS's recovery also is barred, in whole or in part, under 35 U.S.C. § 286 which provides a six year statute of limitations on damages.

**EIGHTH AFFIRMATIVE DEFENSE – ADEQUATE REMEDY AT LAW**

STS has an adequate remedy at law and any damages caused by any alleged infringement can be cured with money damages alone. This is because STS does not presently make or sell any patented articles and also because the '893 is likely to be expired before any injunctive relief could be provided.

**NINTH AFFIRMATIVE DEFENSE – NO ENTITLEMENT TO ATTORNEYS' FEES**

Poynt has not engaged in any conduct that would make this case exceptional with regard to Poynt's conduct or that would justify an award of attorneys' fees against Poynt.

**PRAYER FOR RELIEF**

WHEREFORE, Poynt, prays for the following relief:

A.   that STS take nothing by way of its First Amended Complaint;

B.   that the Court enter judgment in favor of Poynt in this action and deny STS all requested relief;

C.   that the Court find and declare that Poynt does not infringe and has not infringed any claim of the '893 patent;

D.   that the Court find and declare that the '893 patent is invalid;

E.   that the Court find that this is an exceptional case entitling Poynt to its reasonable

- 7 -

POYNT CORPORATION'S ANSWER TO
FIRST AMENDED COMPLAINT
CASE NO. 4:18-CV-6862-YGR

attorneys' fees under 35 U.S.C. § 285;

F. that Poynt be awarded its attorneys' fees, disbursements and costs; and

G. that Poynt be awarded such further and necessary relief as the Court finds just and proper.

## JURY TRIAL DEMANDED

Poynt demands a trial by jury of all issues triable by a jury.

Dated: July 3, 2019     ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _/s/ Jacob M. Heath_
CLEMENT SETH ROBERTS
JACOB M. HEATH
WILL MELEHANI
Attorneys for Defendant Poynt Corporation