MARK B. CHASSMAN (CA Bar No. 119619)
mchassman@chassmanseelig.com
CHASSMAN & SEELIG LLP
11766 Wilshire Boulevard, Suite 270
Los Angeles, CA 90025
Telephone: (310) 929-7192
Fax: (310) 929-7627

SARAH A. PFEIFFER (CA Bar No. 278205)
sap@msf-law.com
SETH H. OSTROW (*pro hac vice*)
sho@msf-law.com
MEISTER SEELIG & FEIN LLP
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Fax: (646) 539-3649

*Attorneys for Plaintiff Sales Transaction Systems, LLC.*

CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
WILL MELEHANI (SBN 285916)
wmelehani@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

JACOB M. HEATH (SBN 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

*Attorneys for Defendant Poynt Co.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALES TRANSACTION SYSTEMS, LLC, | Case No. 4:18-cv-6862-YGR |
| Plaintiff, | **[REDLINE VERSION] STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS** |
| vs. | |
| POYNT CO., | Date Complaint Filed: Nov. 13, 2018 |
| Defendant. | Trial Date: Not Set |

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by
less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14     <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15     <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony

that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's

right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the

meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21- or 14-day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation.  If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the Challenging Party may file a joint letter brief challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

1   (g) the author or recipient of a document containing the information or a custodian or other

2   person who otherwise possessed or knew the information.

3        7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

4   "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered

5   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

6   information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

7   "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

8        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

9   said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

10  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

11  attached hereto as Exhibit A;

12       (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

13  litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

14  and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

15       (c) the court and its personnel;

16       (d) court reporters and their staff, professional jury or trial consultants, and Professional

17  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

18  "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

19       (e) the author or recipient of a document containing the information or a custodian or other

20  person who otherwise possessed or knew the information.

21       7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information

23  or Items to Designated House Counsel or Experts.

24       (a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating

25  Party, a Party that seeks to disclose to Designated House Counsel any information or item that has

26  been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to

27  paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the

28  full name of the Designated House Counsel and the city and state of his or her residence, and (2)

describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil

Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission

from the court to do so. Any such motion must describe the circumstances with specificity, set

forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is

reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any

additional means that could be used to reduce that risk. In addition, any such motion must be

accompanied by a competent declaration describing the parties' efforts to resolve the matter by

agreement *(i.e.*, the extent and the content of the meet and confer discussions) and setting forth the

reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under

the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material

to its Designated House Counsel or Expert.

## 8.   PROSECUTION BAR

Absent written consent from the Producing Party, any individual who accesses "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

CODE" information shall not be involved in the prosecution of patents or patent applications

relating to  secure bankcard payments via a mobile payment terminal, including without limitation

the patents asserted in this action and any patent or application claiming priority to or otherwise

related to the patents asserted in this action, before any foreign or domestic agency, including the

United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph,

"prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting

the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this

paragraph does not include representing a party challenging a patent before a domestic or foreign

agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes*

reexamination). A person who has reviewed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information may participate in *inter*

*partes* review, covered business method review, or post-grant review proceedings for the patents-in-suit, but may not participate in or advise on any amendments to any claim language or substitution of new claims.  Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the Patent Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  Nothing in this paragraph shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with their client.  The parties expressly agree that the Prosecution Bar shall be personal to any attorney who accesses "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information and shall not be imputed to any other persons or attorneys at the individual's law firm.  It is expressly agreed that attorneys who work on this matter without accessing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be restricted from engaging in prosecution on matters that otherwise fall within this Prosecution Bar.  This Prosecution Bar shall begin when "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first accessed by the affected individual and shall end two (2) years after final termination of this action.

9.   **SOURCE CODE**

(a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  The Receiving Party must keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." Using the software available on the Source Code Computer, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request.  The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date.  The request for printed Source Code shall be served via an email request identifying the subfolders of the "Print Requests" folder that the Receiving Party is requesting.  Within seven (7) business days of such request, the Producing Party shall serve one copy of all such source code on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  If the request is served after 5:00 pm Pacific Time, it shall be deemed served the following business day.  The Receiving Party will promptly confirm receipt of any served printout containing Source

Code.  In no case may the Receiving Party request more than 25 consecutive pages, or an aggregate of more than 500 pages, of Source Code during the duration of the case without prior written approval of the Producing Party.  If the Receiving Party seeks to print additional consecutive or aggregate pages beyond these limits the Receiving Party may contact the Court's chambers to schedule a hearing or teleconference in accordance with the Court's dispute resolution procedures.  The burden of persuasion in any such proceeding shall be on the Receiving Party.

(e)      The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11.** **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
          PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**14.** **MISCELLANEOUS**

14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.4   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

**15.** **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected

19

Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:      July 12, 2019          ___/s/ Sarah A. Pfeiffer_____
                                   Attorneys for Plaintiff

                                   Sarah A. Pfeiffer
                                   Mark B. Chassman (CA Bar No. 119619)
                                   Email: mchassman@chassmanseelig.com
                                   **CHASSMAN & SEELIG LLP**
                                   11766 Wilshire Boulevard, Suite 270
                                   Los Angeles, CA 90025
                                   Telephone: (310) 929-7192
                                   Fax: (310) 929-7627

                                   Sarah A. Pfeiffer (CA Bar No. 278205)
                                   Email: sap@msf-law.com
                                   Seth H. Ostrow (*pro hac vice*)
                                   Email: sho@msf-law.com
                                   **MEISTER SEELIG & FEIN LLP**
                                   125 Park Avenue, 7th Floor
                                   New York, NY 10017
                                   Telephone: (212) 655-3500
                                   Fax: (646) 539-3649

DATED:      July 12, 2019          ___/s/ Jacob M. Heath_____
                                   Attorneys for Defendant

                                   CLEMENT SETH ROBERTS (SBN 209203)
                                   croberts@orrick.com
                                   WILL MELEHANI (SBN 285916)
                                   wmelehani@orrick.com

ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:      +1 415 773 5700
Facsimile:      +1 415 773 5759

JACOB M. HEATH (SBN 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:      +1 650 614 7400
Facsimile:      +1 650 614 7401

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)

I, Sarah A. Pfeiffer, attest that concurrence in the filing of this document has been obtained from all signatories.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 12, 2019, at New York, New York.

*/s/ Sarah A. Pfeiffer*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____          _____

                                            Judge Yvonne Gonzalez Rogers
                                            United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of Sales Transaction Systems, LLC v. Poynt Co., Case No. 4:18-cv-YGR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
　　　　　[printed name]

Signature: _____
　　　　　[signature]

1    MARK B. CHASSMAN (CA Bar No. 119619)          CLEMENT SETH ROBERTS (SBN 209203)
2    mchassman@chassmanseelig.com                  croberts@orrick.com
     CHASSMAN & SEELIG LLP                         WILL MELEHANI (SBN 285916)
3    11766 Wilshire Boulevard, Suite 270           wmelehani@orrick.com
     Los Angeles, CA 90025                         ORRICK, HERRINGTON & SUTCLIFFE
4    Telephone: (310) 929-7192                     LLP
     Fax: (310) 929-7627                           The Orrick Building
5                                                  405 Howard Street
                                                   San Francisco, CA  94105-2669
6    SARAH A. PFEIFFER (CA Bar No. 278205)         Telephone:    +1 415 773 5700
     sap@msf-law.com                               Facsimile:    +1 415 773 5759
7    SETH H. OSTROW (*pro hac vice*)
     sho@msf-law.com                               JACOB M. HEATH (SBN 238959)
8    MEISTER SEELIG & FEIN LLP                     jheath@orrick.com
     125 Park Avenue, 7th Floor                    ORRICK, HERRINGTON & SUTCLIFFE
9    New York, NY 10017                            LLP
     Telephone: (212) 655-3500                     1000 Marsh Road
10   Fax: (646) 539-3649                           Menlo Park, CA  94025
                                                   Telephone:    +1 650 614 7400
11                                                 Facsimile:    +1 650 614 7401

12   *Attorneys for Plaintiff Sales Transaction*   *Attorneys for Defendant Poynt Co.*
     *Systems, LLC.*

13

14

15                          **UNITED STATES DISTRICT COURT**
                           **NORTHERN DISTRICT OF CALIFORNIA**
16

17   SALES TRANSACTION SYSTEMS, LLC,               Case No. 4:18-cv-6862-YGR

18                  Plaintiff,                     **[REDLINE VERSION] STIPULATED**
                                                   **PROTECTIVE ORDER FOR**
19           vs.                                   **LITIGATION INVOLVING PATENTS**

20   POYNT CO.,                                    Date Complaint Filed: Nov. 13, 2018
                                                   Trial Date: Not Set
21                  Defendant.

22

23

24

25

26

27

28

─────────────────────────────────────────────
     STIPULATED PROTECTIVE ORDER, Case No. 4:18-cv-6862-YGR

1    **1.     PURPOSES AND LIMITATIONS**

2           Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public disclosure

4    and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

5    the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

6    Order. The parties acknowledge that this Order does not confer blanket protections on all

7    disclosures or responses to discovery and that the protection it affords from public disclosure and

8    use extends only to the limited information or items that are entitled to confidential treatment under

9    the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below,

10   that this Stipulated Protective Order does not entitle them to file confidential information under

11   seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that

12   will be applied when a party seeks permission from the court to file material under seal.

13   **2.     DEFINITIONS**

14

15          2.1     Challenging Party: a Party or Non-Party that challenges the designation of

     information or items under this Order.

16

17          2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is

     generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

18   Civil Procedure 26(c).

19

20          2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well

     as their support staff).

21

22          [2.4    *Optional:* Designated House Counsel: House Counsel who seek access to "HIGHLY

     CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.]

23

24          2.5     Designating Party: a Party or Non-Party that designates information or items that it

     produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

25   CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL –

26   SOURCE CODE"].

27

28

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

[2.9     Optional: "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.]

2.10     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

5

1    Material that qualifies for protection under this Order must be clearly so designated before

2    the material is disclosed or produced.

3        Designation in conformity with this Order requires:

4        (a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding

5    transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

6    legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

7    [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] to each page that contains

8    protected material. If only a portion or portions of the material on a page qualifies for protection,

9    the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

10   markings in the margins) and must specify, for each portion, the level of protection being asserted.

11       A Party or Non-Party that makes original documents or materials available for inspection

12   need not designate them for protection until after the inspecting Party has indicated which material

13   it would like copied and produced. During the inspection and before the designation, all of the

14   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

15   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

16   copied and produced, the Producing Party must determine which documents, or portions thereof,

17   qualify for protection under this Order. Then, before producing the specified documents, the

18   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

19   CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL –

20   SOURCE CODE"]) to each page that contains Protected Material. If only a portion or portions of

21   the material on a page qualifies for protection, the Producing Party also must clearly identify the

22   protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for

23   each portion, the level of protection being asserted.

24       (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

25   Designating Party identify on the record, before the close of the deposition, hearing, or other

26   proceeding, all protected testimony and specify the level of protection being asserted. When it is

27   impractical to identify separately each portion of testimony that is entitled to protection and it

28   appears that substantial portions of the testimony may qualify for protection, the Designating Party

6

may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]. If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected

portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's

right to secure protection under this Order for such material. Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated

in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of

confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process

by providing written notice of each designation it is challenging and describing the basis for each

challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

recite that the challenge to confidentiality is being made in accordance with this specific paragraph

of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

begin the process by conferring directly (in voice to voice dialogue; other forms of communication

are not sufficient) within ~~14~~ 7 days of the date of service of notice. In conferring, the Challenging

Party must explain the basis for its belief that the confidentiality designation was not proper and

must give the Designating Party an opportunity to review the designated material, to reconsider the

circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation. A Challenging Party may proceed to the next stage of the challenge process only if it

has engaged in this meet and confer process first or establishes that the Designating Party is

unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21- or 14-day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation.  If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the Challenging Party may file a joint letter brief challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

10

1    (f) during their depositions, witnesses in the action to whom disclosure is reasonably

2    necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

3    unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

4    deposition testimony or exhibits to depositions that reveal Protected Material must be separately

5    bound by the court reporter and may not be disclosed to anyone except as permitted under this

6    Stipulated Protective Order.

7    (g) the author or recipient of a document containing the information or a custodian or other

8    person who otherwise possessed or knew the information.

9    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

10   [*Optional:* and "HIGHLY CONFIDENTIAL – SOURCE CODE"] Information or Items. Unless

11   otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party

12   may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

13   EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"] only to:

14   (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

15   said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

16   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

17   attached hereto as Exhibit A;

18   [(b) *Optional as deemed appropriate in case-specific circumstances:* Designated House

19   Counsel of the Receiving Party[2] (1) who has no involvement in competitive decision-making, (2)

20   to whom disclosure is reasonably necessary for this litigation, (3) who has signed the

21   "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures

22   set forth in paragraph 7.4(a)(1), below, have been followed];[3]

23   _____

24   [2] It may be appropriate under certain circumstances to limit the number of Designated House
     Counsel who may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
25   information under this provision.
     [3] This Order contemplates that Designated House Counsel shall not have access to any information
26   or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE." It may also be appropriate
     under certain circumstances to limit how Designated House Counsel may access "HIGHLY
27   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. For example, Designated House
     Counsel may be limited to viewing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
28   information only if it is filed with the court under seal, or in the presence of Outside Counsel of
     Record at their offices.

(eb) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(dc) the court and its personnel;

(ed) court reporters and their staff, professional jury or trial consultants,[4] and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(fe) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] Information or Items to Designated House Counsel[5] or Experts.[6]

| **Formatted:** Font: 12 pt, Underline |

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.[7]

---

[4] *Alternative:* The parties may wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation. In that situation, the parties may wish to draft a simplified, precisely tailored Undertaking for mock jurors to sign.

[5] *Alternative:* The parties may exchange names of a certain number of Designated House Counsel instead of following this procedure.

[6] *Alternative:* "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one.

[7] It may be appropriate in certain circumstances to require any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities.

1       (a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating

2  Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

3  that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:*

4  or "HIGHLY CONFIDENTIAL – SOURCE CODE"] pursuant to paragraph 7.3(c) first must make

5  a written request to the Designating Party that (1) identifies the general categories of "HIGHLY

6  CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL –

7  SOURCE CODE"] information that the Receiving Party seeks permission to disclose to the Expert,

8  (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3)

9  attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

10  identifies each person or entity from whom the Expert has received compensation or funding for

11  work in his or her areas of expertise or to whom the expert has provided professional services,

12  including in connection with a litigation, at any time during the preceding five years,[8] and (6)

13  identifies (by name and number of the case, filing date, and location of court) any litigation in

14  connection with which the Expert has offered expert testimony, including through a declaration,

15  report, or testimony at a deposition or trial, during the preceding five years.[9]

16       (b) A Party that makes a request and provides the information specified in the preceding

17  respective paragraphs may disclose the subject Protected Material to the identified ~~Designated~~

18  ~~House Counsel or~~ Expert unless, within 7 days of delivering the request, the Party receives a

19  written objection from the Designating Party. Any such objection must set forth in detail the

20  grounds on which it is based.

21       (c) A Party that receives a timely written objection must meet and confer with the

22  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement

23  within seven days of the written objection. If no agreement is reached, the Party seeking to make

---

[8] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.
[9] ~~It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.~~

the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil

Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission

from the court to do so. Any such motion must describe the circumstances with specificity, set

forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is

reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any

additional means that could be used to reduce that risk. In addition, any such motion must be

accompanied by a competent declaration describing the parties' efforts to resolve the matter by

agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the

reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under

the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material

to its Designated House Counsel or Expert.

**8.     PROSECUTION BAR [*OPTIONAL*]**

Absent written consent from the Producing Party, any individual who ~~receives~~ access~~es~~ ~~to~~

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* ~~or~~ "HIGHLY

CONFIDENTIAL – SOURCE CODE"] information shall not be involved in the prosecution of

patents or patent applications relating to ~~[insert subject matter of the invention and of highly~~

~~confidential technical information to be produced]~~ secure bankcard payments via a mobile payment

terminal, including without limitation the patents asserted in this action and any patent or

application claiming priority to or otherwise related to the patents asserted in this action, before any

foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent

Office").[40] For purposes of this paragraph, "prosecution" includes directly or indirectly drafting,

amending, advising, or otherwise affecting the scope or maintenance of patent claims.[41] To avoid

any doubt, "prosecution" as used in this paragraph does not include representing a party

---

[40] ~~It may be appropriate under certain circumstances to require Outside and House Counsel who~~
~~receive access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to~~
~~implement an "Ethical Wall."~~
[41] ~~Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.~~

challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). A person who has reviewed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information may participate in *inter partes* review, covered business method review, or post-grant review proceedings for the patents-in-suit, but may not participate in or advise on any amendments to any claim language or substitution of new claims.  Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the Patent Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  Nothing in this paragraph shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with their client.  The parties expressly agree that the Prosecution Bar shall be personal to any attorney who accesses "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information and shall not be imputed to any other persons or attorneys at the individual's law firm.  It is expressly agreed that attorneys who work on this matter without accessing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be restricted from engaging in prosecution on matters that otherwise fall within this Prosecution Bar.  This Prosecution Bar shall begin when ~~access to~~ "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ~~[*Optional:* or~~ "HIGHLY CONFIDENTIAL – SOURCE CODE"~~]~~ information is first ~~received~~ accessed by the affected individual and shall end two (2) years after final termination of this action.[12]

---

[12] ~~*Alternative:* It may be appropriate for the Prosecution Bar to apply only to individuals who receive access to another party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" technical or source code information pursuant to this Order, such as under circumstances where one or more parties is not expected to produce "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that is technical in nature or "HIGHLY CONFIDENTIAL – SOURCE CODE" information.~~

15

**9.     SOURCE CODE** [*OPTIONAL*]

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.  [*Optional*: including the Prosecution Bar set forth in Paragraph 8], and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.[13]

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.[14] The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.[15] The Receiving Party must keep a paper log indicating the names of any individuals inspecting the

---

[13] It may be appropriate under certain circumstances to allow House Counsel access to derivative materials including "HIGHLY CONFIDENTIAL - SOURCE CODE" information, such as exhibits to motions or expert reports.

[14] *Alternative*: Any source code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be disclosed. This alternative may be appropriate if the Producing Party and/or its counsel are located in a different jurisdiction than counsel and/or experts for the Receiving Party.

[15] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

16

1    source code and dates and times of inspection, and the names of any individuals to whom paper

2    copies of portions of source code are provided.

3         (d)    The Receiving Party may request paper copies of limited portions of source code

4    that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other

5    papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing

6    the source code other than electronically as set forth in paragraph (c) in the first instance. The

7    Producing Party shall provide all such source code in paper form including bates numbers and the

8    label "HIGHLY CONFIDENTIAL - SOURCE CODE." Using the software available on the

9    Source Code Computer, the Receiving Party shall create PDFs of the printed copies the Receiving

10   Party is requesting and save them in a folder on the desktop named "Print Requests" with a

11   subfolder identifying the date of the request.  The PDF printouts must include identifying

12   information including the full file path and file name, page number, line numbers, and date.  The

13   request for printed Source Code shall be served via an email request identifying the subfolders of

14   the "Print Requests" folder that the Receiving Party is requesting.  Within five (5)ten (10)seven (7)

15   business days of such request, the Producing Party shall provideserve one copy of all such source

16   code on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL -

17   SOURCE CODE."  If the request is served after 5:00 pm Pacific Time, it shall be deemed served

18   the following business day.  The Receiving Party will promptly confirm receipt of any served

19   printout containing Source Code.  In no case may the Receiving Party request more than 5025

20   consecutive pages, or an aggregate of more than 750500 pages, of Source Code during the duration

21   of the case without prior written approval of the Producing Party.  The Producing Party will not

22   unreasonably withhold written approval if the Receiving Party can explain the relevance of

23   additional pages of source code to the litigation.  If the Receiving Party seeks to print additional

24   consecutive or aggregate pages beyond these limits and the Producing Party will not approve

25   additional pagesThe Producing Party may challenge the amount of source code requested in hard

26   copy form within five days of the request for printed Source Code.  If the Parties cannot resolve a

27   challenge without court intervention, the Producingthe Receiving Party shallmay contact the Court's

28   chambers to schedule a hearing or teleconference in accordance with the Court's dispute resolution

17

1 procedures.  The burden of persuasion in any such ~~challenge~~ proceeding shall be on the
2 ~~Producing~~Producing Party~~Receiving Party~~.  ~~If the Producing Party does not seek judicial~~
3 ~~intervention within two (2) weeks of the initial notice of objection, the Producing Party shall be~~
4 ~~deemed to have waived the objection and shall produce the requested Source Code according to~~
5 ~~Section 9 (SOURCE CODE).~~  ~~The Producing Party may challenge the amount of source code~~
6 ~~requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth~~
7 ~~in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is~~
8 ~~the "Designating Party" for purposes of dispute resolution.~~
9
10          (e)     The Receiving Party shall maintain a record of any individual who has inspected
11 any portion of the source code in electronic or paper form. The Receiving Party shall maintain all
12 paper copies of any printed portions of the source code in a secured, locked area. The Receiving
13 Party shall not create any electronic or other images of the paper copies and shall not convert any
14 of the information contained in the paper copies into any electronic format. The Receiving Party
15 shall only make additional paper copies if such additional copies are (1) necessary to prepare court
16 filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for
17 deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during
18 a deposition shall be retrieved by the Producing Party at the end of each day and must not be given
19 to or left with a court reporter or any other unauthorized individual.[16]
20 **10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**
21          **OTHER LITIGATION**
22
23          If a Party is served with a subpoena or a court order issued in other litigation that compels
24 disclosure of any information or items designated in this action as "CONFIDENTIAL" or
25 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY
26 CONFIDENTIAL – SOURCE CODE"] that Party must:

---

[16] ~~The nature of the source code at issue in a particular case may warrant additional protections or~~
~~restrictions. For example, it may be appropriate under certain circumstances to require the~~
~~Receiving Party to provide notice to the Producing Party before including "HIGHLY~~
~~CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.~~

1    (a) promptly notify in writing the Designating Party. Such notification shall include a copy

2    of the subpoena or court order;

3    (b) promptly notify in writing the party who caused the subpoena or order to issue in the

4    other litigation that some or all of the material covered by the subpoena or order is subject to this

5    Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

6    (c) cooperate with respect to all reasonable procedures sought to be pursued by the

7    Designating Party whose Protected Material may be affected.47

8    If the Designating Party timely seeks a protective order, the Party served with the subpoena

9    or court order shall not produce any information designated in this action as "CONFIDENTIAL" or

10   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: or "HIGHLY

11   CONFIDENTIAL – SOURCE CODE"] before a determination by the court from which the

12   subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

13   Designating Party shall bear the burden and expense of seeking protection in that court of its

14   confidential material – and nothing in these provisions should be construed as authorizing or

15   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

16   **11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

17       **THIS LITIGATION**

18   (a)    The terms of this Order are applicable to information produced by a Non-Party in

19   this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20   ATTORNEYS' EYES ONLY" [Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE"].

21   Such information produced by Non-Parties in connection with this litigation is protected by the

22   remedies and relief provided by this Order. Nothing in these provisions should be construed as

23   prohibiting a Non-Party from seeking additional protections.

24

25

26

27   ───────────────
     47 The purpose of imposing these duties is to alert the interested parties to the existence of this
28   Protective Order and to afford the Designating Party in this case an opportunity to try to protect its
     confidentiality interests in the court from which the subpoena or order issued.

19

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

  1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[18] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[18] ~~The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.~~

13.   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).[19] This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.   **MISCELLANEOUS**

14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

---

[19] *Alternative*: The parties may agree that the recipient of an inadvertent production may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006. This could include a restriction against "presenting" the document(s) to the court to challenge the privilege claim as may otherwise be allowed under Rule 26(b)(5)(B) subject to ethical obligations.

An alternate provision could state: "If information is produced in discovery that is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim."

21

1    [14.3 *Optional:* ~~Export Control. Disclosure of Protected Material shall be subject to all~~
2    ~~applicable laws and regulations relating to the export of technical data contained in such Protected~~
3    ~~Material, including the release of such technical data to foreign persons or nationals in the United~~
4    ~~States or elsewhere. The Producing Party shall be responsible for identifying any such controlled~~
5    ~~technical data, and the Receiving Party shall take measures necessary to ensure compliance.~~]

6        14.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or

7    a court order secured after appropriate notice to all interested persons, a Party may not file in the

8    public record in this action any Protected Material. A Party that seeks to file under seal any

9    Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

10   under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

11   issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing

12   that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled

13   to protection under the law. If a Receiving Party's request to file Protected Material under seal

14   pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the

15   Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise

16   instructed by the court.

17   **15.    <u>FINAL DISPOSITION</u>**

18

19       Within 60 days after the final disposition of this action, as defined in paragraph 4,

20   each Receiving Party must return all Protected Material to the Producing Party or destroy such

21   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

22   compilations, summaries, and any other format reproducing or capturing any of the Protected

23   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit

24   a written certification to the Producing Party (and, if not the same person or entity, to the

25   Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

26   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

27   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

28   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

22

1   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

2   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

3   product, and consultant and expert work product, even if such materials contain Protected Material.

4   Any such archival copies that contain or constitute Protected Material remain subject to this

5   Protective Order as set forth in Section 4 (DURATION).

6         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8

9   DATED: _____

10                                        Attorneys for Plaintiff

11

12        Sarah A. Pfeiffer
          Mark B. Chassman (CA Bar No. 119619)
          Email: mchassman@chassmanseelig.com
13        **CHASSMAN & SEELIG LLP**
          11766 Wilshire Boulevard, Suite 270
14        Los Angeles, CA 90025
          Telephone: (310) 929-7192
15        Fax: (310) 929-7627

16        Sarah A. Pfeiffer (CA Bar No. 278205)
          Email: sap@msf-law.com
17        Seth H. Ostrow (*pro hac vice*)
          Email: sho@msf-law.com
18        **MEISTER SEELIG & FEIN LLP**
          125 Park Avenue, 7th Floor
19        New York, NY 10017
          Telephone: (212) 655-3500
20        Fax: (646) 539-3649

21

22

23   DATED: _____
                                        Attorneys for Defendant

24        CLEMENT SETH ROBERTS (SBN 209203)
          croberts@orrick.com
25        WILL MELEHANI (SBN 285916)
          wmelehani@orrick.com
26        ORRICK, HERRINGTON & SUTCLIFFE LLP
          The Orrick Building
27        405 Howard Street
          San Francisco, CA  94105-2669
28        Telephone:    +1 415 773 5700

                                        23

Facsimile:      +1 415 773 5759

JACOB M. HEATH (SBN 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     +1 650 614 7400
Facsimile:      +1 650 614 7401

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____  _____

[Name of Judge]Judge Yvonne Gonzalez Rogers
United States District Magistrate Judge

STIPULATED PROTECTIVE ORDER, Case No. 4:18-cv-6862-YGR

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of Sales Transaction Systems, LLC v. Poynt Co., Case No. 4:18-cv-YGR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
          [printed name]

Signature: _____
          [signature]

25
STIPULATED PROTECTIVE ORDER, Case No. 4:18-cv-6862-YGR