*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

**EXHIBIT A**

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| "input of bankcard data from a customer with a customer identifier"<br><br>Proposed by STS and Poynt<br><br>**Claims:**<br>1, 5 | **PROPOSED CONSTRUCTION:**<br><br>"input of electronic data anonymously identifying a bank card customer and the customer's bank card for electronic payment processing"<br><br>**Intrinsic Evidence**<br>The specification and file history for U.S. Patent No. 9684893, including but not limited to:<br><br>'893 Patent:<br><br>1:23-2:25 ("Further, the present invention is directed to a method and apparatus for protecting the privacy and private data of a customer in data storage and during transactions. . . . Further, the card number and/or the expiration date of the payment card is not disclosed to the merchant. . . . the payment system stores private data of the customer that is not directly recognizable and traceable to the customer. . . . For example, the privacy payment does not include and/or disclose the physical address, the social security number, the electronic mail address, and/or information of the bankcards of the customer to the merchant. . . . Stated another way, the payment system allows the customer to purchase one or more items or services from the merchant without disclosing the name, physical address, | PROPOSED CONSTRUCTION:<br><br>**input of bankcard data from a customer with a customer identifier**: input of data from a customer's charge card, debit card, or check card issued by a bank and/or other institution, or merchant card specific to a merchant, with any number of characters that can be used to identify and verify the customer for gaining access to and interacting with the remote payment system<br><br>(this construction combines Poynt's proposed construction for "customer identifier" and "customer bankcard data")<br><br><br>INTRINSIC EVIDENCE:<br><br>'893 patent at col. 1:59-62 ("As used herein the term "bank card" shall mean and include charge cards, debit cards, and check cards issued by banks and/or other institutions, and merchant cards specific to a merchant");<br><br>'893 patent at col. 4:42-49 ("FIG. 1C illustrates a bankcard 31 that can be used in conjunction with the present invention. The bankcard 31 can be a debit card, a credit card, a check card, or another type of card already obtained by the customer. The bank card 31 can include private data 25 of the customer 20 including the name, number of the bank card, |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | electronic mail address, and bankcard information of the customer to the merchant."), <br><br> 2:64-67 ("As an overview, the present invention allows the customer **20** to maintain private data **25** (illustrated in FIG. 2) of the customer in the payment system **12 . . .**), <br><br> 4:33-5:23 ("With this design, if the payment card 30 fell into wrong hands, it does not identify the name of the customer and the existing bank card(s) of the customer 20. . . the information and data contained in the magnetic strip does not contain any of the private data **25** of the customer such as the name, the customer address, the card number(s) of the existing bank cards **31** of the customer **20** and/or the expiration date of the existing bank cards **31** of the customer **20**. . . .), <br><br> 5:52-61 ("The reference number and the payment authorization number is a "privacy payment" that does not identify the customer to the merchant."), 7:10-10:10 ("As provided herein, the customer identifier **320** can be used to anonymously identify and verify the customer **20** for gaining access to and interacting with the payment system **12**. The customer identifier **320** enables the customer **20** to interact with and use the payment system **12** without revealing private data of the customer. Stated another way, the customer identifier **320** enables the | expiration date of the bank card 31 and signature as illustrated on front and back sides 31A and 31B of the bank card 31."); <br><br> '893 patent at col. 7:32-35 ("The customer identifier 320 can be any number of characters that can be used to identify and verify the customer 20 for gaining access to and interacting with the payment system 12."); <br><br> '893 patent at Fig. 1B and 1C (depicting the payment card 30 and bankcard 31, respectively); <br><br> '893 patent at col. 4:28-31 ("The back side 30B [of payment card 30] can include a machine readable area 33 such as a magnetic strip. The magnetic strip can include data in an encoded form. The data can include a customer identifier 320."); <br><br> '893 patent at col. 4:38-41 ("With this design, if the payment card 30 fell into wrong hands, it does not identify the name of the customer and the existing bank card(s) of the customer 20."); <br><br> Prosecution History of Pat. App. 12/012,345 (the parent application to the '893 patent) at Amendment and Response to Office Action, Aug 20, 2016 at 2 (claims amended to add "a payment card with a customer payment card data, wherein the payment card is not a bankcard and wherein the payment card data is a [[with a]] customer identifier that is without a name and bankcard data;"). |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | customer **20** to be anonymously identified to the payment system **12**. . . . Many approaches may be used to safeguard the privacy of identifying data **322**. . . . Some examples of logic that may be used in creating partial data elements are described as follows: . . . It is believed, using this type of transformation logic, there is no correlation between the equivalent bankcard data and the original bankcard data, such that a thief or hacker cannot determine the original bankcard data. It obviates the need for extra-ordinary measures to safeguard the bankcard databases."),<br><br>10:21-11:15 ("FIG. 4A illustrates one embodiment of a customer identifier **320**. The customer identifier **320** illustrated in FIG. 4 utilizes a single data string **400** that can be used to anonymously verify the customer **20** to the payment system **12**. Because there is no public identification step, the identity of the customer **20** can be maintained within the payment system **12** without formally and publicly identifying the customer **20** to the payment system **12**. Further, the customers **20** can access the payment system **12** without personally identifying themselves to the payment system **12**.  The anonymous identifier **320** can include one or more elements **408** . . ."),<br><br>14:13-21 ("The payment system can store the private data **25** of the customer anonymously by | |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | separating the data elements in separate databases. The customer can conduct a transaction and receive a service or product from the merchant **22** without disclosing the name, address, private data and credit card information of the customer **20** to the merchant **22**. The payment system **12** minimizes the number of people, businesses and institutions that have access to the private information of the customer **20**. This minimizes the opportunity for the private information of the customer **20** to be improperly disseminated.")<br><br>File History:<br>12/10/2015 Office Action Response ("OAR") at 2-3 (amendment of <u>with a customer identifier</u>")<br>3/22/2016 OAR at 18-19 ("Meyer 'portable sales terminal' is merely collecting bankcard data and bill dollar amount")<br>9/26/2016 Appeal Brief at 29 ("the Taylor wireless device is used for receiving bankcard data via card reader and then transferring only the customer bankcard data")<br><br>*See also* Abstract, 6:45-61, 12:8-40, 13:4-38, Figs. 1D, 1E, 2, 3A-E, 4A-C, 5A-B, 6C, 7, 10/28/2014 OAR, 8/11/2015 OAR, 8/19/2015 OAR | |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | **Extrinsic Evidence**<br>Merriam Webster's Collegiate Dictionary, 11 ed., STS0002321-22 (input: something that is put in; input: information fed into a data processing system or computer) | |
| Plaintiff Impact Statement | Plaintiff's construction makes clear that the claims are directed to patent-eligible subject matter under 35 U.S.C. § 101. | |
| Defendant Impact Statement | Adopting Poynt's construction will help rebut STS's argument that the claims of the '893 patent are directed to ineligible subject matter under 35 U.S.C. § 101, as it will establish that the alleged security benefits resulting from the concept of anonymous payments associated with the specification's discussion of "payment card 30" are absent from the claims.  It will also establish that Poynt's accused products do not infringe the '893 patent under STS's infringement theory, as it will establish that the claims do not cover the accused practice of tokenization because tokens are not "bank card" data as that term is used in the specification.  '893 patent at col. 1:59-62. | |
| "customer bankcard data"<br><br>Proposed by STS and Poynt<br><br>**Claims:**<br>1, 5 | **PROPOSED CONSTRUCTION:**<br><br> "electronic data anonymously identifying a customer's bank card"<br><br>**Intrinsic Evidence**<br>The specification and file history for U.S. Patent No. 9684893, including but not limited to:<br><br>'893 Patent:<br><br>1:23-2:25 ("Further, the present invention is directed to a method and apparatus for protecting the privacy and private data of a customer in data storage and during transactions. . . . Further, the card number and/or the expiration date of the payment card is not | PROPOSED CONSTRUCTION:<br><br>**customer bankcard data**: data from a customer's charge card, debit card, or check card issued by a bank and/or other institution, or merchant card specific to a merchant<br><br>INTRINSIC EVIDENCE:<br><br>'893 patent at col. 1:59-62 ("As used herein the term "bank card" shall mean and include charge cards, debit cards, and check cards issued by banks and/or other institutions, and merchant cards specific to a merchant");<br><br>'893 patent at col. 4:42-49 ("FIG. 1C illustrates a bankcard 31 that can be used in conjunction with the |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | disclosed to the merchant. . . . the payment system stores private data of the customer that is not directly recognizable and traceable to the customer. . . . For example, the privacy payment does not include and/or disclose the physical address, the social security number, the electronic mail address, and/or bankcards of the customer to the merchant. . . . Stated another way, the payment system allows the customer to purchase one or more items or services from the merchant without disclosing the name, physical address, electronic mail address, and bankcard information of the customer to the merchant."),<br><br>2:64-67 ("As an overview, the present invention allows the customer **20** to maintain private data **25** (illustrated in FIG. 2) of the customer in the payment system **12 . . .**),<br><br>4:33-5:23 ("With this design, if the payment card 30 fell into wrong hands, it does not identify the name of the customer and the existing bank card(s) of the customer 20. . . the information and data contained in the magnetic strip does not contain any of the private data **25** of the customer such as the name, the customer address, the card number(s) of the existing bank cards **31** of the customer **20** and/or the expiration date of the existing bank cards **31** of the customer **20**. . . .), | present invention. The bankcard 31 can be a debit card, a credit card, a check card, or another type of card already obtained by the customer. The bank card 31 can include private data 25 of the customer 20 including the name, number of the bank card, expiration date of the bank card 31 and signature as illustrated on front and back sides 31A and 31B of the bank card 31.");<br><br>'893 patent at Fig. 1B and 1C (depicting the payment card 30 and bankcard 31, respectively);<br><br>'893 patent at col. 4:28-31 ("The back side 30B [of payment card 30] can include a machine readable area 33 such as a magnetic strip. The magnetic strip can include data in an encoded form. The data can include a customer identifier 320.");<br><br>'893 patent at col. 4:38-41 ("With this design, if the payment card 30 fell into wrong hands, it does not identify the name of the customer and the existing bank card(s) of the customer 20.");<br><br>Prosecution History of Pat. App. 12/012,345 (the parent application to the '893 patent) at Amendment and Response to Office Action, Aug 20, 2016 at 2 (claims amended to add "<u>a payment card with</u> a customer payment card data<u>, wherein the payment card is not a bankcard and wherein the payment card data is a</u> [[with a]] customer identifier <u>that is without a name and bankcard data</u>;"). |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | 5:52-61 ("The reference number and the payment authorization number is a "privacy payment" that does not identify the customer to the merchant."), 7:10-10:10 ("As provided herein, the customer identifier **320** can be used to anonymously identify and verify the customer **20** for gaining access to and interacting with the payment system **12**. The customer identifier **320** enables the customer **20** to interact with and use the payment system **12** without revealing private data of the customer. Stated another way, the customer identifier **320** enables the customer **20** to be anonymously identified to the payment system **12**. . . . Many approaches may be used to safeguard the privacy of identifying data **322**. . . . Some examples of logic that may be used in creating partial data elements are described as follows: . . . It is believed, using this type of transformation logic, there is no correlation between the equivalent bankcard data and the original bankcard data, such that a thief or hacker cannot determine the original bankcard data. It obviates the need for extra-ordinary measures to safeguard the bankcard databases."), 10:21-11:15 ("FIG. 4A illustrates one embodiment of a customer identifier **320**. The customer identifier **320** illustrated in FIG. 4 utilizes a single data string **400** that can be used to anonymously verify the customer **20** to the payment system **12**. Because there is no public identification step, the | |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | identity of the customer **20** can be maintained within the payment system **12** without formally and publicly identifying the customer **20**to the payment system **12**. Further, the customers **20** can access the payment system **12** without personally identifying themselves to the payment system **12**.  The anonymous identifier **320** can include one or more elements **408 . . .**"),<br><br>14:13-21 ("The payment system can store the private data **25** of the customer anonymously by separating the data elements in separate databases. The customer can conduct a transaction and receive a service or product from the merchant **22** without disclosing the name, address, private data and credit card information of the customer **20** to the merchant **22**. The payment system **12** minimizes the number of people, businesses and institutions that have access to the private information of the customer **20**. This minimizes the opportunity for the private information of the customer **20** to be improperly disseminated.")<br><br>File History:<br><br>12/10/2015 OAR at 2-3 (amendment of <u>with a customer identifier</u>")<br>3/22/2016 OAR at 18-19 ("Meyer 'portable sales terminal' is merely collecting bankcard data and bill dollar amount") | |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | 9/26/2016 Appeal Brief at 29 ("the Taylor wireless device is used for receiving bankcard data via card reader and then transferring only the customer bankcard data")<br><br>*See also* Abstract, 6:45-61, 12:8-40, 13:4-38, Figs. 1D, 1E, 2, 3A-E, 4A-C, 5A-B, 6C, 7<br><br>**Extrinsic Evidence**<br>Merriam Webster's Collegiate Dictionary, 11 ed., STS0002321-22 (input: something that is put in; input: information fed into a data processing system or computer) | |
| Plaintiff Impact Statement | Plaintiff's construction makes clear that the claims are directed to patent-eligible subject matter under 35 U.S.C. § 101. | |
| Defendant Impact Statement | Adopting Poynt's construction will help rebut STS's argument that the claims of the '893 patent are directed to ineligible subject matter under 35 U.S.C. § 101, as it will establish that the alleged security benefits resulting from the concept of anonymous payments associated with the specification's discussion of "payment card 30" are absent from the claims. It will also establish that Poynt's accused products do not infringe the '893 patent under STS's infringement theory, as it will establish that the claims do not cover the accused practice of tokenization because tokens are not "bank card" data as that term is used in the specification. '893 patent at col. 1:59-62. | |
| "customer identifier"<br><br>Proposed by Poynt<br><br>**Claims:**<br>1, 5 | **PROPOSED CONSTRUCTION:**<br><br> "electronic data anonymously identifying a customer for electronic payment processing"<br><br>**Intrinsic Evidence** | PROPOSED CONSTRUCTION:<br><br>**customer identifier**: any number of characters that can be used to identify and verify the customer for gaining access to and interacting with the remote payment system |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | The specification and file history for U.S. Patent No. 9684893, including but not limited to:<br><br>'893 Patent:<br><br>1:23-2:25 ("Further, the present invention is directed to a method and apparatus for protecting the privacy and private data of a customer in data storage and during transactions. . . . Further, the card number and/or the expiration date of the payment card is not disclosed to the merchant. . . . the payment system stores private data of the customer that is not directly recognizable and traceable to the customer. . . . For example, the privacy payment does not include and/or disclose the physical address, the social security number, the electronic mail address, and/or information of the bankcards of the customer to the merchant. . . . Stated another way, the payment system allows the customer to purchase one or more items or services from the merchant without disclosing the name, physical address, electronic mail address, and bankcard information of the customer to the merchant."),<br><br>2:64-67 ("As an overview, the present invention allows the customer **20** to maintain private data **25** (illustrated in **FIG**. 2) of the customer in the payment system **12 . . .**), | INTRINSIC EVIDENCE:<br><br>'893 patent at col. 7:32-35 ("The customer identifier 320 can be any number of characters that can be used to identify and verify the customer 20 for gaining access to and interacting with the payment system 12."). |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | 4:33-5:23 ("With this design, if the payment card **30** fell into wrong hands, it does not identify the name of the customer and the existing bank card(s) of the customer **20**. . . the information and data contained in the magnetic strip does not contain any of the private data **25** of the customer such as the name, the customer address, the card number(s) of the existing bank cards **31** of the customer **20** and/or the expiration date of the existing bank cards **31** of the customer **20**. . . .), | |
| | 5:52-61 ("The reference number and the payment authorization number is a "privacy payment" that does not identify the customer to the merchant."), 7:10-10:10 ("As provided herein, the customer identifier **320** can be used to anonymously identify and verify the customer **20** for gaining access to and interacting with the payment system **12**. The customer identifier **320** enables the customer **20** to interact with and use the payment system **12** without revealing private data of the customer. Stated another way, the customer identifier **320** enables the customer **20** to be anonymously identified to the payment system **12**. . . . Many approaches may be used to safeguard the privacy of identifying data **322**. . . . Some examples of logic that may be used in creating partial data elements are described as follows: . . . It is believed, using this type of transformation logic, there is no correlation between the equivalent bankcard data and the original | |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | bankard data, such that a thief or hacker cannot determine the original bankcard data. It obviates the need for extra-ordinary measures to safeguard the bankcard databases."),<br><br>10:21-11:15 ("FIG. 4A illustrates one embodiment of a customer identifier **320**. The customer identifier **320** illustrated in FIG. 4 utilizes a single data string **400** that can be used to anonymously verify the customer **20** to the payment system **12**. Because there is no public identification step, the identity of the customer **20** can be maintained within the payment system **12** without formally and publicly identifying the customer **20** to the payment system **12**. Further, the customers **20** can access the payment system **12** without personally identifying themselves to the payment system **12**.  The anonymous identifier **320** can include one or more elements **408 . . .**"),<br><br>14:13-21 ("The payment system can store the private data **25** of the customer anonymously by separating the data elements in separate databases. The customer can conduct a transaction and receive a service or product from the merchant **22** without disclosing the name, address, private data and credit card information of the customer **20** to the merchant **22**. The payment system **12** minimizes the number of people, businesses and institutions that have access to the private information of the | |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | customer **20**. This minimizes the opportunity for the private information of the customer **20** to be improperly disseminated.")<br><br>File History:<br>12/10/2015 OAR at 2-3 (amendment of <u>with a customer identifier</u>")<br>3/22/2016 OAR at 18-19 ("Meyer 'portable sales terminal' is merely collecting bankcard data and bill dollar amount")<br>9/26/2016 Appeal Brief at 29 ("the Taylor wireless device is used for receiving bankcard data via card reader and then transferring only the customer bankcard data")<br><br>*See also* Abstract, 6:45-61, 12:8-40, 13:4-38, Figs. 1D, 1E, 2, 3A-E, 4A-C, 5A-B, 6C, 7<br><br>**Extrinsic Evidence**<br>Merriam Webster's Collegiate Dictionary, 11 ed., STS0002321-22 (input: something that is put in; input: information fed into a data processing system or computer) | |
| Plaintiff Impact Statement | Plaintiff's construction makes clear that the claims are directed to patent-eligible subject matter under 35 U.S.C. § 101. | |
| Defendant Impact Statement | Adopting Poynt's construction will help rebut STS's argument that the claims of the '893 patent are directed to ineligible subject matter under 35 U.S.C. § 101, as it will establish that the alleged security benefits resulting from the concept of anonymous payments associated with the specification's discussion of "payment card 30" are absent from the claims. It will also establish that Poynt's accused products do not infringe the '893 patent under STS's infringement theory, as it will establish that the claims do not cover the | |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | accused practice of tokenization, as the term is incorporated into Poynt's proposed construction of "input of bankcard data from a customer with a customer identifier." | |
| "a cellular wireless communication network" / "the wireless communication network"  Proposed by Poynt  **Claims:** 1, 5 | **PROPOSED CONSTRUCTION:**  Plain and ordinary meaning  **Intrinsic Evidence** The specification and file history for U.S. Patent No. 9684893, including but not limited to:  '893 Patent  Abstract ("A wireless point of sale (POS) transaction terminal, for acceptance of bankcard payment pursuant to a sales transaction has a mobile and portable wireless device that communicates wirelessly via a wireless communication network to a payment system. The wireless device wirelessly sends a payment authorization request record incident to a payment for a sales transaction to the payment system for forwarding via a gateway to a card authorization network. The wireless device then wirelessly receives from the payment system a payment approval record for the sales transaction."),  6:4-25 ("FIG. 1E illustrates an alternative way to conduct a transaction using the payment card **30**. In this alternative embodiment, the payment transaction data is directly received by the payment system **12** with the help of a wireless network | PROPOSED CONSTRUCTION:  **a cellular wireless communication network**: a cellular telephone network;  **the wireless communication network**: the cellular telephone network  INTRINSIC EVIDENCE:  '893 patent at Fig. 1E (depicting "cellular telephone network 130" in the architecture of the claimed embodiment);  '893 patent at Fig. 6C (stating "Device 104 sends the data to Payment System 12 via cellular network 130" at step 672);  '893 patent at claims 1, 5 (requiring "the wireless communications network" to interface with the "remote payment system");  '893 patent at 6:42-44 ("The device 104 forwards the customer data and merchant data as a data block 122 to the payment system 12 using a wireless cellular network 130.");  Prosecution History of the '893 patent at Appl. Arg. Made in an Amendment, 2014-10-28, p. 7 ("Adam et al teaches a POS that can communicate to an administering server via any one of three |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
|  | without it first going to the gateway **23**. The payment system **12**, with this payment data, is able to assemble the complete payment data of the customer including the customer name, bank card number, expiration date, and amount and merchant identifier and forward that to the gateway **23**, which in turn forwards it to the authorization network **21**. In this embodiment, the gateway **23**need not be adapted to recognize a payment card.  Further, in this embodiment, a merchant computer system **100**, a wireless data input device **104** and a docking station **102**, can be utilized."), 6:39-61 ("The device **104**forwards the customer data and merchant data as a data block **122** to the payment system **12** using a wireless cellular network **130**."), 13:4-39 ("FIG. 6C outlines alternate steps for using the payment system **12**when the customer is at the location of the merchant. In this embodiment, by using a wireless network the merchant interfaces directly with the payment system **12** and bypassing the gateway **23.**") File History 12/30/2013 OAR at 5 ("Albert teaches the art of modifying and converting non-wireless slaes terminals of a merchant to wireless sales terminal by | communication link methods, a landline telephone network, an internet, and a wireless telephone network and not exclusively by a wireless telephone network. In contrast, the claimed subject matter is exclusively directed to a POS using a cellular wireless network interface."); Prosecution History of the '893 patent at Second Appeal Brief, 2015-03-09, pp. 18-19 ("Smith characterizes the personal digital assistant or PDA as a WPD or a 20 wireless purchase device equipped (WPD) with a short wireless capability as well as long distance cellular wireless capability. Smith further characterizes the vending machine as WVD or a wireless vendor device (WVD), which only has a short distance wireless capability."). |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | adding external wireless interface hardware elements") 3/9/2015 Appeal Brief at 18-19 ("User using his PDA selects an item from the menue and the PDA sends using long distance cellular wireless connection . . . it would be uneconomical to equip each vending machine in each mall with a long distance wired or wireless capability . . . therefore, Smith does not teach or make obvious a merchant wireless sales terminal."), 21 ("Communication protocols exist which allow present generation electronic communications devices to interface with the Internet and access Internet resources . . . WAP works with most existing wireless communication networks . . .") 8/11/2015 OAR at 6 (Taylor "does not teach or fairly suggest a fully capable wireless point of sales terminal of the claimed subject matter") 8/19/2015 OAR at 7 (Taylor "does not teach or fairly suggest a fully capable wireless point of sales terminal of the claimed subject matter") 12/10/2015 OAR at 8-9 (Taylor "does not teach or fairly suggest a fully capable wireless point of sales terminal of the claimed subject matter") | |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | 3/22/2016 OAR at 12 (Taylor "does not teach or fairly suggest a fully capable wireless point of sales terminal of the claimed subject matter")<br><br>9/26/2016 Appeal Brief at 27-29 ("Taylor is merely directed to a Wireless Point of Sale terminal and not to the security of a sales terminal transaction and Brody is directed not to a physical wireless merchant sales terminal but to online payment transaction mechanism"<br><br>*See also* 3:42-57, 5:3-23, 5:49-61, 7:4-8, Figs. 1A, 1E, 6A, 6C, 7<br><br>**Extrinsic Evidence**<br>Merriam Webster's Collegiate Dictionary, 11 ed., STS0002328 (wireless: operating by means of transmitted electromagnetic waves; of or relating to radiotelephony, radiotelegraphy, or radio (a ~ phone>; of or relating to data communications using radio waves (~Internet access>)"<br><br>McGraw Hill Encyclopedia of Networking Telecommunications, STS0002829-2860 at 2343 ("Wireless communication involves transmitting signals through air and space using radio waves."); 2346 ("Wireless IP obviously refers to using the Internet Protocol over a wireless connection."); 2347 ("A typical WLAN consists of a fixed-position | |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | wireless transceiver (Transmitter / receiver) that broadcasts a signal within an area called a microcell . . . As users move out of the range of one microcell and into the range of another, their connection is handed off to the new microcell base station"), 2348 ("Most wireless networks will have multiple microcells and multiple base stations") | |
| Plaintiff Impact Statement | Plaintiff does not believe that construction of this term is case dispositive. | |
| Defendant Impact Statement | Adopting Poynt's construction will establish that the majority of Poynt's accused products do not infringe the '893 patent.  Poynt sells products with Wi-Fi capability alone as well as a smaller number of products with Wi-Fi and cellular capability.  Adopting this construction will further establish the existence of substantial non-infringing uses for Poynt's accused products. | |
| "wirelessly transmits the payment authorization request record from the merchant POS transaction terminal for the payment for the sales transaction to the remote payment system"/"transmitting wirelessly by the merchant POS transaction terminal the payment authorization request record for the | **PROPOSED CONSTRUCTION:**<br><br>Plain and ordinary meaning<br><br>**Intrinsic Evidence**<br>The specification and file history for U.S. Patent No. 9684893, including but not limited to:<br><br>'893 Patent<br><br>Abstract ("A wireless point of sale (POS) transaction terminal, for acceptance of bankcard payment pursuant to a sales transaction has a mobile and portable wireless device that communicates wirelessly via a wireless communication network to a payment system. The wireless device wirelessly sends a payment authorization request record | PROPOSED CONSTRUCTION:<br><br>**wirelessly transmits the payment authorization request record from the merchant POS transaction terminal for the payment for the sales transaction to the remote payment system**: wirelessly transmits the payment authorization request record from the merchant POS transaction terminal for the payment for the sales transaction directly to the remote payment system;<br><br>**transmitting wirelessly by the merchant POS transaction terminal the payment authorization request record for the payment for the sales transaction to the remote payment system**: transmitting wirelessly by the merchant POS transaction terminal the payment authorization |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| payment for the sales transaction to the remote payment system"<br><br>Proposed by Poynt<br><br>**Claims:**<br>1, 5 | incident to a payment for a sales transaction to the payment system for forwarding via a gateway to a card authorization network. The wireless device then wirelessly receives from the payment system a payment approval record for the sales transaction."),<br><br>6:4-25 ("FIG. 1E illustrates an alternative way to conduct a transaction using the payment card **30**. In this alternative embodiment, the payment transaction data is directly received by the payment system **12** with the help of a wireless network without it first going to the gateway **23**. The payment system **12**, with this payment data, is able to assemble the complete payment data of the customer including the customer name, bank card number, expiration date, and amount and merchant identifier and forward that to the gateway **23**, which in turn forwards it to the authorization network **21**. In this embodiment, the gateway **23**need not be adapted to recognize a payment card.  Further, in this embodiment, a merchant computer system **100**, a wireless data input device **104** and a docking station **102**, can be utilized."),<br><br>6:39-61 ("The device **104**forwards the customer data and merchant data as a data block **122** to the payment system **12** using a wireless cellular network **130**."), | request record for the payment for the sales transaction directly to the remote payment system<br><br>INTRINSIC EVIDENCE:<br><br>'893 patent at 6:5-13 ("In this alternative embodiment, the payment transaction data is directly received by the payment system 12 with the help of a wireless network without it first going to the gateway 23. The payment system 12, with this payment data, is able to assemble the complete payment data of the customer including the customer name, bank card number, expiration date, and amount and merchant identifier and forward that to the gateway 23, which in turn forwards it to the authorization network 21.);<br><br>'893 patent at 13:6-12 ("In this embodiment, by using a wireless network the merchant interfaces directly with the payment system 12 and bypassing the gateway 23. Hence, the gateway 23 need not be adapted to recognize a payment card number in this embodiment. Here, the payment system assembles a complete payment transaction data and forwards the information to the gateway 23 to be forwarded to network 21.") ;<br><br>'893 patent at Fig. 1E (depicting the architecture of the claimed embodiment); |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | 13:4-39 ("FIG. 6C outlines alternate steps for using the payment system **12** when the customer is at the location of the merchant. In this embodiment, by using a wireless network the merchant interfaces directly with the payment system **12** and bypassing the gateway **23.**")<br><br>Claim 1, 5 ("wirelessly transmits the payment authorization request record from the merchant POS transaction terminal for the payment for the sales transaction to the remote payments system for forwarding via a gateway")<br><br>12/30/2013 OAR at 5 ("Albert teaches the art of modifying and converting non-wireless sales terminals of a merchant to wireless sales terminal by adding external wireless interface hardware elements")<br><br>3/9/2015 Appeal Brief at 18-19 ("User using his PDA selects an item from the menu and the PDA sends using long distance cellular wireless connection . . . it would be uneconomical to equip each vending machine in each mall with a long distance wired or wireless capability . . . therefore, Smith does not teach or make obvious a merchant wireless sales terminal."), 21 ("Communication protocols exist which allow present generation electronic communications devices to interface with the Internet and access Internet resources . . . WAP | '893 patent at Fig. 6C (depicting the functionality of the claimed embodiment);<br><br>'893 patent at claim 1 (using the phrases "transmits…to" and "forwarding via …to");<br><br>'893 patent at claim 5 (using the phrases "transmitting…to" and "forwarding via …to");<br><br>'893 patent at Fig. 6C (depicting the functionality of the claimed embodiment);<br><br>Prosecution History of the '893 patent at First Appeal Brief, 2014-07-09, pp. 6-7 (identifying the Fig 1E and 6C embodiments as support for the independent claims);<br><br>Prosecution History of the '893 patent at Second Appeal Brief, 2015-03-09, pp. 6-7 (same);<br><br>Prosecution History of the '893 patent at Third Appeal Brief, 2016-09-26, pp. 6-7 (same). |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | works with most existing wireless communication networks . . .") 8/11/2015 OAR at 6 (Taylor "does not teach or fairly suggest a fully capable wireless point of sales terminal of the claimed subject matter")<br><br>8/19/2015 OAR at 7 (Taylor "does not teach or fairly suggest a fully capable wireless point of sales terminal of the claimed subject matter")<br><br>12/10/2015 OAR at 8-9 (Taylor "does not teach or fairly suggest a fully capable wireless point of sales terminal of the claimed subject matter")<br><br>3/22/2016 OAR at 12 (Taylor "does not teach or fairly suggest a fully capable wireless point of sales terminal of the claimed subject matter")<br><br>9/26/2016 Appeal Brief at 27-29 ("Taylor is merely directed to a Wireless Point of Sale terminal and not to the security of a sales terminal transaction and Brody is directed not to a physical wireless merchant sales terminal but to online payment transaction mechanism") | |
| Plaintiff Impact Statement | Plaintiff does not believe that construction of this term is case dispositive. | |
| Defendant Impact Statement | Adopting Poynt's construction will help establish non-infringement by confirming that the data transfers required by the claims must involve direct transfers between the recited components in the recited order and | |

Ex. A-21

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | that the claim is not infringed if a recited component receive the data between the transmitting components and the data's intended destination.  Poynt's accused products do not transmit payment data to the claimed components, nor do they do so in the order required by the claims. | |
| "gateway"<br><br>Proposed by Poynt<br><br>**Claims:**<br>1, 5 | **<u>PROPOSED CONSTRUCTION:</u>**<br><br>Plain and ordinary meaning<br><br>**<u>Intrinsic Evidence</u>**<br>The specification and file history for U.S. Patent No. 9684893, including but not limited to:<br><br>'893 Patent<br><br>2:53-4:21 ("the payment system interface 12A interfaces with a gateway 23 . . . The gateway 23 is a computer system that rout[e]s the data for payment authorization to the bank card authorization network 21 . . . The gateway 23 and network 21 can be similar to existing prior art devices used to process existing bank cards"),<br><br>5:3-61 ("merchant identifier and payment amount is then sent to the gateway 23 . . .If acceptable the authorization network 21 provides a payment authorization number that is forwarded to the merchant via the gateway 23."),<br><br>6:4-15 (FIG 1E illustrates an alternative way to conduct a transaction"), | PROPOSED CONSTRUCTION:<br><br>**gateway**: a computer system that routs the payment authorization request record to the card authorization network based on a bank routing number.<br><br>INTRINSIC EVIDENCE:<br><br>'893 patent at col. 3:48-50 ("The gateway 23 is a computer system that routs the data for payment authorization to the bank card authorization network 21, based on the bank routing number, usually the first 4 digits of the bankcard number.);<br><br>'893 patent at col. 13:10-12 ("Here, the payment system assembles a complete payment transaction data and forwards the information to the gateway 23 to be forwarded to network 21.");<br><br>'893 patent at col. 3:55-57 ("The gateway 23 and network 21 can be similar to existing prior art devices used to process existing bankcards.");<br><br>'893 patent at Fig. 1E (depicting gateway 23 in the architecture of the claimed embodiment);<br><br>'893 patent at Fig. 6C (depicting the claimed functionality of gateway 23 at step 678). |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | 6:31-7:8 (The payment system 12 . . . runs a credit card transaction using the gateway 23"), <br><br> 11:10-15 ("When a transaction using the card 30 is received at the payment system 12 via the gateway 23 . . ."), <br><br> 11:18-12:40 ("to the adapted gateway"), <br><br> 12:57-13:3 (same), <br><br> 13:15-14:21 ("Hence, the gateway 23 need not be adapted to recognize a payment card number") <br><br> File History <br><br> 9/30/2013 Office Action at 3 ("disclosure of a gateway in order for 'a financial transaction device compatible with allowing such a device to be used in a wireless manner") <br><br> 2/14/2014 Office Action at 3 ("Singhal discloses a gateway") <br><br> 11/05/2014 Office Action at 4 ("payment system for forwarding via a gateway to a card authorization network") | |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | *See also* 1:53-58, 2:11-25, 7:21-64, 8:9-11, 8:33-36, 8:51-56, 9:37-38, 10:24-31, 10:46-53, Figs. 2, 5A, 5B, 6A-7 | |
| Plaintiff Impact Statement | Plaintiff does not believe that construction of this term is case dispositive. | |
| Defendant Impact Statement | Adopting Poynt's construction will help establish non-infringement by establishing the claimed "gateway" is a payment gateway and not just any generic network node.  This will establish non-infringement because many of Poynt's accused products do not utilize a payment gateway, and none of them utilize a payment gateway in the particular architecture required by the claims. | |
| "card authorization network"<br><br>Proposed by Poynt<br><br>**Claims:**<br>1, 5 | **PROPOSED CONSTRUCTION:**<br><br>Plain and ordinary meaning<br><br>**Intrinsic Evidence**<br>The specification and file history for U.S. Patent No. 9684893, including but not limited to:<br><br>'893 Patent<br><br>2:53-4:4 ("As illustrated in FIGS. 1A, 1D and 1E, the payment system interface **12**A interfaces with a gateway **23**, which interfaces with a bank card authorization network **21**. The gateway **23** is a computer system that routs the data for payment authorization to the bank card authorization network **21**, based on the bank routing number, usually the first 4 digits of the bankcard number. The bankcard authorization network **21** is computer systems that process data from an existing bankcard **31**. The bankcard authorization | PROPOSED CONSTRUCTION:<br><br>**card authorization network**: one or more computer systems that determine if the bankcard is good to cover the transaction and, if so, authorize the transaction<br><br>INTRINSIC EVIDENCE:<br><br>'893 patent at col. 3:53-55 ("The bankcard authorization network 21 is computer systems that process data from an existing bankcard 31.");<br><br>'893 patent at col. 5:17-19 ("The bankcard authorization network 21 uses this information to determine if the bank card is good to cover the transaction."). |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | network **21** receives the payment transaction data regarding the bankcard **31** and returns payment authorization data. The gateway **23** and network **21** can be similar to existing prior art devices used to process existing bankcards."), | |
| | 5:3-61 ("The adapted gateway **23** then reassembles the payment transaction data of name, the bankcard number, expiration date, merchant identifier and amount and sends that to the bankcard authorization network **21**. The bankcard authorization network **21** uses this information to determine if the bankcard is good to cover the transaction. If acceptable the authorization network **21** provides a payment authorization number that is forwarded to the merchant via the gateway **23**. Additionally, the bankcard of the customer is charged or debited by the authorization network **21**."), | |
| | 5:62-6:15 ("The bankcard authorization network **21** processes a payment from one of the bankcards **31** of the customer and generates a payment authorization number. For each payment transaction, the gateway **23** or the merchant interface **22**A generates a reference number. The reference number is used to reference a particular payment from other payments processed through the gateway **23** and the authorization network **21**. On payment approval, the reference number, and a payment authorization number are returned to the | |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | merchant interface **22**A. The reference number and the payment authorization number is a "privacy payment" that does not identify the customer to the merchant.  The card authorization network **21** cannot distinguish this payment transaction from any other card payment transaction it may receive directly from the gateway **23**. The card authorization network **21**processes the transaction and responds with the payment authorization and reference number for the transaction. On receiving the payment authorization number, the gateway **23** forwards the information to the merchant **22**. Additionally, the bankcard of the customer is charged or debited by the authorization network **21**.")<br><br>File History<br><br>12/30/2013 OAR at 5 ("connects to card authorization networks")<br><br>8/11/2015 OAR at 6 ("card authorization network for payment processing")<br><br>8/19/2015 OAR at 7 (same)<br><br>12/10/2015 OAR at 8 (same)<br><br>*See also* 1:53-58, 2:11-25, 6:31-7:8, 7:21-64, 8:9-11, 8:33-36, 8:51-56, 9:37-38, 10:24-31, 10:46-53, | |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | 11:10-15, 11:18-12:40, 12:57-13:3, 13:15-14:21, Figs. 2, 5A, 5B, 6A-7 | |
| Plaintiff Impact Statement | Plaintiff does not believe that construction of this term is case dispositive. | |
| Defendant Impact Statement | Adopting Poynt's construction will help establish non-infringement.  It is important to identify each component in the system as the claims require that data be specifically transferred from particular components to other particular components in a particular order, and Poynt's products do not perform the required series of data transfers. | |
| "remote payment system"  Proposed by Poynt  **Claims:** 1, 5 | **PROPOSED CONSTRUCTION:**  Plain and ordinary meaning.  In the alternative, a payment system that is remote from the merchant POS transaction terminal  **Intrinsic Evidence**  The specification and file history for U.S. Patent No. 9684893, including but not limited to:  '893 Patent  1:53-58, 2:11-25 ("Stated another way, the payment system allows the customer to purchase one or more items or services from the merchant without disclosing the name, physical address, electronic mail address, and bankcard information of the customer to the merchant. As a result thereof, the payment system minimizes the number of people, businesses and institutions that have access to the private data of the customer."), | PROPOSED CONSTRUCTION:  **remote payment system**: Subject to 35 U.S.C. § 112(6)  Claimed Functions:  (1) using the merchant identifier to identify the merchant as a retail establishment.  (2) forwarding the payment authorization request record, via the gateway, to a card authorization network  (3) transmitting a payment approval record for the sales transaction to the merchant POS transaction terminal  With regard to claims 2 and 6, the claimed functions also include:  (4) verifying the contents of the payment authorization request  Corresponding Structure: |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | 2:53-4:4 ("Referring initially to FIGS. 1A-1C, a method and apparatus **10** having features of the present invention can include a payment system **12**, a payment system interface **12**A, . . . the payment system interface **12**A interfaces with a gateway **23**, which interfaces with a bank card authorization network **21**. . . . A customer network interface **20**B allows the customer **20** to communicate with the payment system **12** and/or the merchant **22**. Conventional internal or external modems may serve as the customer network interface **20**B. In one embodiment, the customer network interface **20**B is connected to the merchant interface **22**A and the payment system interface **12**A on the global network **24**. Alternately, the customer network interface **20**B can be connected by other electronic, voice and/or traditional communication systems that allow the customer **20** to interact with the merchant interface **22**A and the payment system interface **12**A."),

5:3-61 ("the gateway **23** connects to and sends the payment card number and PIN data to the payment system **12** and waits for the payment system **12** to send the customer name, the number of the bank card and the expiration date of the bank card **31** from the payment system **12** to the gateway **23**"), | As depicted in Fig. 2, a computer system including a processor, operating system, program, and storage device, the storage device including a merchant database and a customer database, the customer database including an identifier sub-database, an identifying sub-database, a bankcard sub-database and a payment card data sub-database.

INTRINSIC EVIDENCE:

'893 patent at claims 1, 2, 5 and 6 (reciting the claim term along the claimed functions it performs);

'893 patent at col. 3:4-11 ("Referring to FIG. 2, the payment system 12 includes (i) a payment system storage device 26, (ii) a payment system operating system 27 stored in the payment system storage device 26, (iii) a payment system program 28 stored in the payment system storage device 26, (iv) and a payment system processor 29 connected to the payment system storage device 26.");

'893 patent at col. 3:16-28 ("The payment system storage device 26 can, for example, include one or more magnetic disk drives, magnetic tape drives, optical storage units, CD-ROM drives and/or flash memory. The payment system storage device 26 also contains a plurality of databases used in the processing of transactions pursuant to the present invention. For example, as illustrated in FIG. 2, the payment system storage device 26 can include a |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | 6:31-7:8 ("The device **104** forwards the customer data and merchant data as a data block **122** to the payment system **12** using a wireless cellular network **130**. The payment system **12**, using the customer data and merchant data, as described elsewhere in this application, runs a credit card transaction using the gateway **23** and the payment network **21** and returns the reference number and the payment authorization number for this transaction **124** to the device **104**."),<br><br>7:21-64 ("As provided herein, the customer identifier **320** can be used to anonymously identify and verify the customer **20** for gaining access to and interacting with the payment system **12**. The customer identifier **320** enables the customer **20** to interact with and use the payment system **12** without revealing private data of the customer. Stated another way, the customer identifier **320** enables the customer **20** to be anonymously identified to the payment system **12**."),<br><br>10:24-31 ("FIG. 4A illustrates one embodiment of a customer identifier **320**. The customer identifier **320** illustrated in FIG. 4 utilizes a single data string **400** that can be used to anonymously verify the customer **20** to the payment system **12**. Because there is no public identification step, the identity of the customer **20** can be maintained within the payment system **12** without formally and | merchant database 40, and a customer database 38. As outlined below, the customer database 38 can retain information regarding one or more existing bankcards 31 of the customer 20. The information can include the customer name, the number for each bankcard 31, and/or the expiration date of each bankcard 31.");<br><br>'893 patent at col. 6:8-13 ("The payment system 12, with this payment data, is able to assemble the complete payment data of the customer including the customer name, bank card number, expiration date, and amount and merchant identifier and forward that to the gateway 23, which in turn forwards it to the authorization network 21.");<br><br>'893 patent at col. 6:45-50 ("The payment system 12, using the customer data and merchant data, as described elsewhere in this application, runs a credit card transaction using the gateway 23 and the payment network 21 and returns the reference number and the payment authorization number for this transaction 124 to the device 104. The customer reviews the authorization.");<br><br>'893 patent at col. 7:21-29 ("Referring to FIGS. 2 and 3A, the payment system 12 can store a customer identifier 320 for each of the customers 20 in the identifier database 38A. As provided herein, the customer identifier 320 can be used to anonymously identify and verify the customer 20 for gaining access to and interacting with the payment system |

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | publicly identifying the customer **20** to the payment system **12**. Further, the customers **20** can access the payment system **12** without personally identifying themselves to the payment system **12**."), 10:46-53, 11:10-15 ("When a transaction using the card **30** is received at the payment system **12** via the gateway **23**, the corresponding algorithm is retrieved from database **326**C to decode the customer identifier. This can provide a level of security to the customer, if the card **30** falls in the possession of a dishonest person."),<br><br>11:18-12:40 ("The operation of the apparatus **10** and payment system **12** for a payment transaction can be further understood with reference to the flow charts illustrated in FIGS. 6A-7. . . . At step **614**, the adapted gateway detects the use of a payment card and forwards data to the payment system **12**. At step **616**, the payment system **12** receives this data, decodes the card number, finds the sequence number. At step **618**, the payment system uses the sequence number to get and verify the PIN."),<br><br>12:57-13:3 ("At step **642**, the payment system receives the data, the payment card number, and finds the sequence number. At step **644**, the payment system uses the sequence number to get and verify the PIN number. At step **646**, the payment system **12**"), | 12. The customer identifier 320 enables the customer 20 to interact with and use the payment system 12 without revealing private data of the customer.");<br><br>'893 patent at col. 7:66-8:4 ("Referring to FIG. 3B, the payment system 12 can store any identifying data 322 of the customer 20 in the identifying database 38B of the storage device 26. Identifying data 322, as used herein, shall mean any information or data of the customer 20 that if used independently is sufficient to positively identify the customer 20 to a third party.");<br><br>'893 patent at col. 8:33-39 ("With reference to FIG. 3C, the information and data relating to the existing bankcards 31 of the customer 20 can be stored as multiple partial card data in multiple databases of the payment system. As a simplified illustration, for each bankcard 31, the customer name is stored as data 322A in database 38B (illustrated in FIG. 3B) and the card number and card expiration as data 324A and 324B in database 38C.");<br><br>'893 patent at col. 10:12-14 ("With reference to FIG. 3D, the data of the payment card 30 of the customers 20 can be stored within two databases 326A and 326B.");<br><br>'893 patent at Fig. 1E (depicting payment system 12 in the architecture of the claimed embodiment) |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | 13:15-14:21 ("One method used by the customer **20** to establish an account with the payment system **12** is illustrated in FIG. 7. At step **702**, the customer selects to connect to the payment system **12**. At step **704**, the payment system web page **500**A is displayed. At step **706**, the customer enters/creates the customer identifier and submits the customer identifier. At step **708**, the payment system checks for the existence of the customer identifier in the identifier database **38**A and sends validation by displaying data screen **536**. At step **710**, the customer selects "enter identifying data". At step **712**, the payment system displays identifying data form **524**A.")<br><br>*See also* 6:4-15, 8:9-11, 8:33-36, 8:51-56, 9:37-38, Figs. 2, 5A, 5B, 6A-7<br><br>**Extrinsic Evidence**<br>Merriam Webster's Collegiate Dictionary, 11 ed., STS0002324 ("payment: the act of paying"), 2326 ("remote: separated by an interval or space greater than usual . . . acting, acted on, or controlled indirectly or from a distance") | '893 patent at Fig. 2 (depicting payment system 12 and its sub-components);<br><br>'893 patent at Fig. 3A (depicting the identifier sub-database 38A);<br><br>'893 patent at Fig. 3B (depicting the identifying sub-database 38B);<br><br>'893 patent at Fig. 3C (depicting the bankcard sub-database 38C);<br><br>'893 patent at Fig. 3D (depicting the payment card sub-database 38D).<br><br>EXTRINSIC EVIDENCE:<br><br>Horwedel Decl. at ¶¶ 3-4 (explaining that the term "remote payment system" has no particular meaning in the payments industry). |
| Plaintiff Impact Statement | Plaintiff does not believe that construction of this term is case dispositive. | |
| Defendant Impact Statement | Based on Poynt's understanding of STS's infringement theories, adopting this construction will establish that Poynt's accused products do not infringe the '893 patent, as none of Poynt's accused products utilize a "remote payment system" as described in the '893 patent. | |

Ex. A-31

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| "the remote payment system verifies the contents of the payment authorization request record"/"verifying by the remote payment system the contents of the payment authorization request record"<br><br>Proposed by Poynt<br><br>**Claims:**<br>1, 5 | **PROPOSED CONSTRUCTION:**<br><br>Plain and ordinary meaning, incorporating any construction of "remote payment system" adopted by the Court<br><br>**Intrinsic Evidence**<br>The specification and file history for U.S. Patent No. 9684893, including but not limited to the disclosures identified for "remote payment system" and:<br><br>'893 Patent<br><br>7:21-64 ("As provided herein, the customer identifier **320** can be used to anonymously identify and verify the customer **20** for gaining access to and interacting with the payment system **12**. The customer identifier **320** enables the customer **20** to interact with and use the payment system **12** without revealing private data of the customer. Stated another way, the customer identifier **320** enables the customer **20** to be anonymously identified to the payment system **12**.The customer identifier **320** can be any number of characters that can be used to identify and verify the customer **20** for gaining access to and interacting with the payment system **12**."),<br><br>10:24-31 ("FIG. 4A illustrates one embodiment of a customer identifier **320**. The customer identifier **320** illustrated in FIG. 4 utilizes a single | PROPOSED CONSTRUCTION:<br><br>**The remote payment system verifies the contents of the payment authorization request record/verifying by the remote payment system the contents of the payment authorization request record**: the remote payment system establishes the truth, accuracy, or reality of at least part of the contents of the payment authorization request record<br><br>DICTIONARY/TREATISE DEFINITIONS:<br><br>Merriam-Webster's Collegiate Dictionary, Tenth Edition 1999 ("to establish the truth, accuracy, or reality of"). |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | data string **400** that can be used to anonymously verify the customer **20** to the payment system **12**."), 10:46-53 ("Subsequently, the customer identifier **320** is used to verify the customer **20** to the payment system **12** so that the customer has access to the private data **25** of the customer in the payment system **12**."), <br><br> *See also* 1:53-58, 2:11-25, 2:53-4:4, 5:3-61, 6:4-15, 6:31-7:8, 8:9-11, 8:33-36, 8:51-56, 9:37-38, Figs. 2, 5A, 5B, 6A-7, 11:10-15, 11:18-12:40, 12:57-13:3, 13:15-14:21, 12/30/2013 OAR, 3/9/2015 Appeal Brief, 8/11/2015 OAR, 8/19/2015 OAR, 12/10/2015 OAR, 3/22/2016 OAR | |
| Plaintiff Impact Statement | Plaintiff does not believe that construction of this term is case dispositive. | |
| Defendant Impact Statement | Adopting Poynt's proposed construction will provide additional guidance regarding the meaning of the term "verifies the contents" as the '893 patent's specification does not include any guidance as to that meaning. | |
| "retail establishment" <br><br> Proposed by Poynt <br><br> **Claims:** <br> 1, 5 | **PROPOSED CONSTRUCTION:** <br><br> Plain and ordinary meaning.  In the alternative, "location(s) of the merchant where customers who are physically present purchase goods and/or services from the merchant" <br><br> **Intrinsic Evidence** <br> The specification and file history for U.S. Patent No. 9684893, including but not limited to: <br><br> '893 Patent | PROPOSED CONSTRUCTION: <br><br> **retail establishment**: a business that sells its own goods (as opposed to goods owned by others), directly to the public, excluding eating establishments <br><br> DICTIONARY/TREATISE DEFINITIONS: <br><br> Webster's II New College Dictionary 2001 ("the sale of goods in small quantities to consumers"); |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | 1:18-33 ("The present invention is directed to a method and apparatus for facilitating payment transactions to merchants using existing bankcards and bank accounts of a customer."), 1:52-2:3 ("Further, as used herein, the term "privacy payment" shall mean and include a form of payment that does not specifically identify the customer to the merchant. For example, the privacy payment does not include and/or disclose the physical address, the social security number, the electronic mail address, and/or information of the bankcards of the customer to the merchant."), 2:14-23, 2:55-63, 3:61-63 ("A customer network interface **20**B allows the customer **20** to communicate with the payment system **12** and/or the merchant **22**."),<br><br>File History<br><br>3/22/2016 OAR at 18-19 ("After the Meyer's 'portable sales terminal' has been moved to the customer table, therein, the eating establishment customer uses the Meyer 'portable sales terminal' . . . These entries by the customer in the Meyer's 'portable sales terminal', are then stored in a memory of the Meyer's 'portable sales terminal'. The waiter then physically moves the Meyer 'portable sales terminal' from the customer table to a docking station . . . Meyer 'portable sales terminal' is merely directed to collecting bankcard data from | The American Heritage College Dictionary, Third Edition 2000 ("The sale of goods or commodities in small quantities directly to consumers");<br><br>Merriam-Webster's Collegiate Dictionary, Tenth Edition 1999 ("the sale of commodities or goods in small quantities to ultimate consumers");<br><br>Webster's Third New International Dictionary 2002 ("the sale of commodities or goods in small quantities to ultimate consumers - opposed to WHOLESALE");<br><br>United States Census Bureau, https://www.census.gov/eos/www/naics/reference_files_tools/1997/sec44.htm ("The retailing process is the final step in the distribution of merchandise; retailers are, therefore, organized to sell merchandise in small quantities to the general public");<br><br>National Retail Federation, https://nrf.com/industry-definitions ("NRF defines a retailer as a company whose core business is to sell consumer goods directly to the end consumer via storefront, catalog, television or online. Chain restaurants, grocers, and convenience stores are included in this definition. The company must own the merchandise it sells and be able to provide a business license confirming their status upon request").<br><br>INTRINSIC EVIDENCE: |

*Plaintiff Sales Transactions Systems, LLC v. Poynt Co. Joint Claim Constructions Comparison Chart*

| Term and Corresponding Asserted Claims | STS's Proposed Construction and Support | Poynt's Proposed Construction and Support |
|---|---|---|
| | the customer without having to physically get a customer bankcard for payment of the bill and thus Meyer 'portable sales terminal' is not a merchant point of sale terminal")<br><br>*See also* Abstract, 4:9-21, 4:52-55, 4:65-5:5, 5:24-61, 6:16-61, 10:57-64, 12:8-12, 12:41-13:39, 14:15-29Figs. 1A, 1D, 1E, 6A, 6B, 6C, 10/28/2014 OAR, 11/05/2014 Office Action, 12/22/2015 Office Action, 9/26/2016 Appeal Brief<br><br>**Extrinsic Evidence**<br><br>Merriam Webster's Collegiate Dictionary, 11 ed., STS0002319 ("establishment: a place of business or residence with its furnishings and staff"), 2320 ("good: something that has economic utility or satisfies an economic want") | Prosecution History at Appl. Arg. Made in an Amendment, 2016-03-22, p. 18 ("with due respect, Meyer, [sic] has a filing date of April 1995, and is directed to a "portable sales terminal', [sic] where the Meyer "portable sales terminal is physically moved to and taken to a customer table in an eating establishment.");<br><br>Prosecution History at Amendment and Response to Office Action, 2016-03-22, claims 1, 7 (amending claims to require that the merchant identifier identifies a retail establishment). |
| Plaintiff Impact Statement | Plaintiff does not believe that construction of this term is case dispositive. | |
| Defendant Impact Statement | Based on Poynt's understanding of STS's infringement theories, adopting this construction will exclude several of Poynt's eating establishment customers from infringement, and further establish the existence of substantial non-infringing uses for Poynt's accused products. | |